**Tommy BYRD, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 4217.

Supreme Court of Alaska.

Oct. 16, 1980.

Clay C. Berry, Juneau, for appellant.

Larry R. Weeks, Dist. Atty., Daniel W. Hickey, Chief Prosecutor, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.*

## OPINION

BOOCHEVER, Justice.

Appellant Tommy Byrd was convicted of the crime of manslaughter. The sole issue on appeal is whether the superior court erred in excluding certain evidence which was offered to show the violent nature of the victim. We hold that it did not err.

At trial the testimony showed that on the afternoon of March 21, 1978, Byrd encountered John Fawcett III on the streets of Juneau, Alaska. Fawcett, who was intoxicated, challenged Byrd to a fight. A brief fight ensued during which Byrd struck Fawcett once with his fist. The fight was broken up. Byrd left the scene and eventually returned to his home.

Later that evening, Byrd left his room, taking with him a .22 caliber pistol, which he stuck in his belt. He testified that he took the gun because he was afraid of an attack by Fawcett and other persons, and that he intended to scare them away.

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

Shortly after Byrd left his home, he noticed that Fawcett was following him. Byrd testified that he tried to outwalk Fawcett but that Fawcett caught up with him. As Fawcett came closer, Byrd turned, drew his gun, and told Fawcett to leave him alone or he would shoot. According to Byrd, Fawcett continued to advance and, when they were about an arm's length apart, Fawcett reached for Byrd's right hand. Byrd fired the pistol, although it could have discharged by accident. The single shot killed Fawcett.

Defense counsel's theory of the case was that Byrd either fired the gun in self defense because of the apprehended danger from Fawcett, or that the shooting was accidental. In support of his theory of self-defense, Byrd moved to place in evidence material contained in Fawcett's juvenile record, but the court excluded it.

Fawcett's record contained a statement from a probation officer's report which noted that in 1975 Fawcett and a juvenile companion broke into a home and the companion went upstairs, pointed a loaded gun at the woman occupant, took money from her purse, and then left. The report related that Fawcett denied being upstairs when the gun was pointed at the occupant, but admitted otherwise aiding his companion in the commission of the offense. Fawcett's record also contained evidence of a second incident in which Fawcett threatened his mother and sister with a butcher knife.

■ Although statements contained in Fawcett's juvenile record were hearsay, the state never objected to introduction of evidence from Fawcett's juvenile record on this ground. We have held that hearsay

evidence is admissible if the opposing party does not object to it. *City of Anchorage v. Nesbett*, 530 P.2d 1324, 1336 (Alaska 1975). Consequently, we must address the arguments raised by the defendant in his motion to introduce the evidence.

■ Evidence of the victim's violent nature would be irrelevant to a claim that the shooting was accidental, but it may be relevant to a claim of self defense in two ways. First, it may be relevant to show whether the victim or the accused was the initial aggressor. Second, it may be probative on the question of the reasonableness of the accused's apprehension of being in imminent danger from the victim. We have not previously passed on the first basis for admission of such evidence, although we have recognized the second purpose. *See Pedersen v. State*, 420 P.2d 327, 336 (Alaska 1966). Under the Alaska Rules of Evidence adopted subsequent to this trial, the evidence is admissible for both purposes.[1]

■ Assuming that the evidence was admissible to show that Fawcett was the aggressor, we believe that the trial judge did not abuse his discretion by excluding the evidence. The testimony that Fawcett was the aggressor was uncontradicted. From the structure of jury instructions, it is clear that Byrd's manslaughter conviction was based on the jury's belief that Fawcett was the aggressor, but Byrd's use of deadly force was unreasonable.[2] Consequently, introduction of further cumulative evidence was unnecessary to prove Fawcett was the aggressor. A trial judge is accorded broad authority to exclude relevant evidence if it is cumulative.[3]

1. Alaska R.Evid. 405(b) provides:
   *Specific Instances of Conduct.* In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of his conduct.

2. The case went to the jury on three theories: second degree murder, manslaughter, and excused or justifiable homicide. Byrd would have been acquitted had the jury believed that he accidentally shot Fawcett, or that use of deadly force was reasonable to protect himself. The jury also rejected the theory that Byrd

acted with malice, or it would have convicted him of second degree murder. Implicit in the jury's rejection of a second degree murder charge was the belief that Byrd was not the aggressor. The theory obviously accepted was that Fawcett was the aggressor, but that Byrd used unreasonable force in defending himself.

3. Evidence Rule 403 states:
   *Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.* Although relevant, evidence may be excluded if its probative value is outweighed

We also believe that there was no abuse of discretion in excluding the evidence for the purpose of showing the reasonableness of Byrd's apprehension of Fawcett. Byrd concedes in his brief that in order for specific acts to be admissible for this purpose he would have to know about the acts in question. The reason is obvious: one cannot be fearful because of events about which one knows nothing.[4] In oral argument on his motion, Byrd's lawyer admitted that Byrd had no specific knowledge of the two incidents contained in Fawcett's juvenile record. According to Byrd's testimony, he barely knew Fawcett. Furthermore, the trial judge admitted testimony concerning incidents showing Fawcett's aggressive nature which Byrd actually knew about. One such incident involved verbal abuse of an employee at a drop-in center for alcoholics. Another concerned a fight between Fawcett and Byrd earlier in the day before Fawcett was shot. Byrd was also allowed to testify concerning Fawcett's general reputation. For example, he testified that he had heard Fawcett had "a violent temper when he was drinking." In view of Byrd's lack of knowledge of the other incidents contained in Fawcett's juvenile record, that evidence was irrelevant to show the reasonableness of Byrd's fear of the victim, and hence inadmissible for that purpose. *See* Alaska R.Evid. 402.

AFFIRMED.

CONNOR, J., concurs.

CONNOR, Justice, concurring.

I would simply sustain the exclusion of the offered evidence on the ground that it was unexcepted hearsay. Even assuming the propriety of proving specific instances of violence on the part of the victim, the evidence offered was defective. Although the report came from the file of a juvenile proceeding concerning the victim, it was not admissible under the official documents exception to the hearsay rule because it was not based on first hand knowledge and did not amount to a judicial ascertainment of the facts related therein. Nor was the one who prepared the report called as a witness. The assertions in the report are, therefore, unverified. Moreover, the proffered page from the probation report probably constitutes double hearsay since the report, itself an out of court statement, was based on statements made out of court. Consequently, even if the probation report was an "official document" so as to be admissible under that exception, the report was still properly excluded unless an exception exists for the underlying hearsay. No such exception occurs to me.[1]

We may affirm the exclusion of evidence, even though we do so on a basis not relied upon by the trial court. *Rutherford v. State*, 605 P.2d 16, 21 n.12 (Alaska 1979); *City of Nome v. Ailak*, 570 P.2d 162, 173 (Alaska 1977); *Sloan v. Atlantic Richfield Co.*, 541 P.2d 717, 722 n.6 (Alaska 1975). Because the evidence offered here was plainly hearsay, its exclusion was not error. There is no need to determine whether the ground relied upon by the trial court was correct.

---

by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The rule codifies existing Alaska law. *Eben v. State*, 599 P.2d 700, 711 n.29 (Alaska 1979).

4. For a collection of numerous cases supporting this statement, *see* Annot., 121 A.L.R. 380 at 40–47 (1939).

1. Apart from the hearsay question, it is not clear from the report that Fawcett engaged in the kind of violence which would be relevant as to whether he was the aggressor in the encounter with Byrd. According to the report it was Fawcett's companion who used a gun to terrorize the victim of a burglary, not Fawcett.