**Frank AMAROK, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 6873.

Court of Appeals of Alaska.

Nov. 4, 1983.

Christine Schleuss, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Richard W. Maki, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Frank Amarok was charged with first-degree assault, AS 11.41.200(a)(1),[1] for the stabbing of Bill Lindstrom. His jury was instructed on first-degree assault, second-degree assault, fourth-degree assault and self-defense.[2] The jury rejected Amarok's claim of self-defense and convicted him of the lesser-included offense of second-degree assault, AS 11.41.210. On appeal Amarok argues that the trial court erred by refusing to admit evidence of Lindstrom's prior violent acts. We hold that evidence of specific instances of Lindstrom's violent conduct was necessary to enable the jury to determine how much force a reasonable person with Amarok's knowledge of Lindstrom's propensity for violence would have felt compelled to use in self-defense. We reverse.

In the early morning hours of October 17, 1981, Frank Amarok stabbed Bill Lindstrom three times in the stomach. Both Amarok and Lindstrom had been drinking heavily and neither remembered the incident. After the stabbing, Amarok dialed 911 to summon aid. When police arrived Amarok told them that he had been trying to fix his glasses when Lindstrom jumped on his back. At that time, Amarok admitted the stabbing, but claimed that it was in response to Lindstrom's attack.

Prior to trial Amarok argued that it would be necessary to inquire about Lindstrom's prior violent behavior in order to prove that Amarok's act constituted reasonable self-defense. The trial court, however, granted a protective order which precluded Amarok from inquiring about Lindstrom's prior violent acts, specifically three recent assault convictions and his violent treatment of his girlfriend, Amarok's sister Alice.

Alaska Rule of Evidence 404(a)(2) states that character evidence is not generally admissible. However, "[e]vidence of a relevant trait of character of a victim of crime offered by an accused, or by the prosecution to rebut the same" is admissible. This exception to the general exclusion of circumstantial use of character evidence includes admission for purposes of proving self-defense. A.R.E. 404, E.R.C. 73. "In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of his conduct." A.R.E. 405(b). Use of specific instances of conduct, however, is limited "to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry." E.R.C. 82.

 In an assault case in which the defendant admits the assault, but raises self-defense, specific instances of the victim's prior conduct are considered to be admissible under Evidence Rule 405(b) to show (1) who was the aggressor, in which case defendant's knowledge of the incident

---

1. Alaska Statute 11.41.200(a)(1) provides:

 *Assault in the first degree.* (a) A person commits the crime of assault in the first degree if

 (1) with intent to cause serious physical injury to another person, he causes physical injury to any person by means of a dangerous instrument; ...

2. The jury was instructed on self-defense as follows:

 A person may use deadly force upon another person when and to the extent that the person reasonably believes the use of deadly force is necessary to defend himself from death or serious physical injury and when and to the extent he reasonably believes it necessary to defend himself from what he reasonably believes to be the use of unlawful force by the other person, unless the force

 involved was a product of mutual combat not authorized by law or the person claiming the defense of justification was the initial aggressor.

 When the force involved was the product of mutual combat not authorized by law or the person claiming the defense of justification was the initial aggressor, the person claiming defense of justification may use deadly force if he has withdrawn from the encounter and effectively communicated his withdrawal to the other person, but the other person persists in continuing the incident by the use of unlawful force.

 Therefore, unless the State has proved beyond a reasonable doubt that the defendant did not act in self-defense, you shall find the defendant not guilty.

is immaterial; and (2) that defendant acted reasonably in using the degree of force he did, in which case defendant must know of the victim's past acts of violence. *Loesche v. State,* 620 P.2d 646, 650–51 (Alaska 1980); *see also Byrd v. State,* 626 P.2d 1057, 1058 (Alaska 1980) (same rule applied in homicide case). Admitting this evidence is within the discretion of the trial court. 620 P.2d at 651. We, therefore, must examine the facts of this case to determine whether the trial judge abused his discretion in not admitting the evidence.

Amarok argued that admission of specific instances of Lindstrom's prior violent conduct was necessary to prove to the jury that Amarok's perceptions of the incident were not distorted. These instances included three convictions for assault on a police officer, a conviction for resisting an officer, and an incident where Lindstrom shoved Alice Amarok's face through a window causing Alice an injury which required eight stitches. Amarok urged that the jury's opinion of Lindstrom would be distorted because he looked clean-cut and was extremely polite, when in reality he was an aggressive, violent man when intoxicated and had been violent with the police, Amarok's sister, and Amarok himself.

In *Byrd* and *Loesche,* although the court had held that prior assaultive behavior would be admissible, the court also found that the trial judges had not abused their discretion in those cases by excluding such evidence. In *Byrd,* there was uncontradicted testimony that the victim had been the aggressor. 626 P.2d at 1058. The court held that evidence of the victim's prior violent behavior for the purpose of proving that he had been the aggressor would have been cumulative and unnecessary. *Id.* In *Loesche,* the defendant had been allowed to testify about a recent threat to him by the victim, and the trial court had allowed testimony about the victim's reputation in the community for violence and personal opinions about the victim's violent disposition. 620 P.2d at 651. In that case, the supreme court held that evidence of specific instances of prior violent conduct would have confused the issues and consumed time. *Id.*

(citing *Galauska v. State,* 527 P.2d 459, 468 (Alaska 1974); Advisory Committee on the Proposed Rules of Evidence for United States Courts and Magistrates, comment to Fed.R.Evid. 405, 28 U.S.C. (1975)). *See* A.R.E. 403.

In this case, there does not appear to have been any evidence admitted which would have conveyed anything but that Lindstrom was a young man with a drinking problem. Lindstrom would get depressed when drunk, had talked about killing himself on a couple of occasions, and had attempted suicide once. Alice Amarok testified that Lindstrom did not own a gun or carry a knife. Amarok's brother testified that he had never seen Lindstrom act violently toward anyone.

Amarok's former girlfriend testified that Amarok became aggressive when he drank. She stated that Amarok had fought with Lindstrom in the past, but that Amarok was not afraid of Lindstrom. Alice Amarok also testified that the two had had a fist fight on a prior occasion, and that Amarok had won that fight. She stated that Amarok did not like Lindstrom.

Amarok testified on his own behalf. He did not remember stabbing Lindstrom. He testified about the prior fight with Lindstrom, and claimed that his reaction to Lindstrom on that occasion was essentially self-defense. Amarok testified that, based on past experiences with Lindstrom, he believed he was justified in stabbing Lindstrom when Lindstrom jumped on him.

The evidence presented by all the testifying witnesses gave no indication that Lindstrom had a disposition to be violent or cause harm to Amarok. In light of the evidence, the past fight between Lindstrom and Amarok may have appeared out of character for Lindstrom. It may have appeared to the jury that Lindstrom was not dangerous and that Amarok's actions were unreasonable. We find that the evidence of Lindstrom's character was vital to Amarok's defense and would not have been cumulative. *Keith v. State,* 612 P.2d 977, 982–84 (Alaska 1980). We conclude that

the trial judge abused his discretion in ruling that the evidence was not admissible. *Loesche v. State,* 620 P.2d at 651.

The conviction is REVERSED.[3]

---

3. Amarok also argues that the trial court erred in preventing him from using witness statements obtained by his investigator to impeach witnesses without turning the statements over to the prosecution. A.R.E. 106. If this case is retried, and if Amarok wishes to use the pretrial interviews between witnesses and a defense investigator to refresh the witness' memory, upon motion, the trial court should consider examining the statements *in camera* to determine which portions are relevant and will not violate any privilege Amarok may not have waived. A.R.E. 612; A.R.E. 613. *See* A.R.E. 106, E.R.C. 35.