NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| SHANNON S.,<br><br>   Appellant,<br><br> v.<br><br>MARY O.,<br><br>   Appellee. | Supreme Court No. S-19379<br><br>Superior Court No. 3PA-21-02255 CI<br><br><u>MEMORANDUM OPINION<br>AND JUDGMENT</u>*<br><br>No. 2123 – December 24, 2025 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Tom V. Jamgochian, Judge.

Appearances: Shannon S., pro se, Wasilla, Appellant. Notice of nonparticipation filed by Darryl L. Jones, Jones & Associates, LLC, Palmer, for Appellee.

Before: Carney, Chief Justice, and Borghesan, Henderson, Pate, and Oravec, Justices.

   1. Shannon S. and Mary O. divorced in 2022.[1] They have a teenaged son and a younger daughter. The parents agreed to a child custody schedule, which the court adopted. The agreement called for equally shared custody in the winter and primary custody to Mary in the summer.

---

\* Entered under Alaska Appellate Rule 214.

[1] We use initials in lieu of the parties' last names to protect the family's privacy.

2. In December 2023 Shannon, representing himself, moved to enforce the custody agreement, alleging that Mary was keeping the children from him. Mary opposed the motion. She also cross-moved for sole legal and primary physical custody, arguing that there was a material change of circumstances because Shannon and his partner were abusive to each other, to his partner's children, and to Mary and Shannon's two children.

3. A superior court master recommended that the older child be interviewed by the court's Parenting Plan Office about his custody preference, which the court ordered. The interviewer recommended that the child remain with Mary, given his preference not to be at Shannon's home.

4. The master held an evidentiary hearing on the competing motions in August 2024. Both parents and Shannon's partner testified. Mary testified that their older child had reported observing violence between Shannon and his partner and that Shannon had thrown him across a room. She stated that the child said he wants to kill himself when he is at Shannon's home.

5. Shannon's partner testified next. She described incidents between her and Shannon as "sparring" and "couch jiu-jitsu". She also testified that the older child had reported suicidal thoughts to her.

6. Shannon testified that Mary's accusations were false. He denied abusing any family member. He testified that "I'm a very dangerous person" who could hurt someone if he wanted, but "there is no police report[] . . . with anybody getting hurt." He testified that he believed Mary was trying to keep the children from him and make them biased against him.

7. In a written report the master found that Shannon had "a history of significant domestic violence" and that he had thrown the older child "across a room." The master also concluded that Shannon's partner was "verbally abusive to an outrageous degree" to the same child, causing Shannon to intervene by "violently dragg[ing] [the partner] down the stairs."

8. Shannon objected to the master's report. After reviewing the report, the superior court removed references to Shannon's partner's abuse of the children but otherwise adopted the master's recommendations. It granted Mary's motion for primary physical and sole legal custody.

9. Shannon, again representing himself, appeals.[2]

10. We "consider . . . pleadings [from self-represented litigants] liberally in an effort to determine what legal claims have been raised."[3] "But even self-represented litigants must provide more than a cursory statement to be considered on appeal."[4] And if any party "cites no authority and fails to provide a legal theory" to support an argument, that argument is waived.[5]

11. Shannon lists seven issues on appeal, but there are only six separate ones addressed in the argument section of his brief.[6] Of those arguments, four are waived.

12. He first argues in a short paragraph that the court violated his due process rights. But he fails to provide a legal theory and the single case he cites has no relevance to the child custody or evidentiary issues in this case.[7] The argument is waived.

---

[2]    Mary is not participating in this appeal.

[3]    *Mitchell v. Mitchell*, 370 P.3d 1070, 1083 (Alaska 2016).

[4]    *Antenor v. State, Dep't of Corr.*, 462 P.3d 1, 14 (Alaska 2020).

[5]    *Gilbert v. Sperbeck*, 126 P.3d 1057, 1062 (Alaska 2005).

[6]    *Compare* Shannon's "Statement of Issues Presented for Review," *with* Shannon's "Argument."

[7]    The unrelated case that Shannon cites is *Burke v. Maka*. *See* 296 P.3d 976 (Alaska 2013) (applying doctrine of laches to quiet title action).

13. His third argument about protecting his rights as a pro se litigant provides no legal theory and also cites no law. It is waived.[8]

14. Shannon's fourth argument about "unequal weight to the children's preferences" also provides neither a legal theory nor any law. The argument is waived.

15. Although the heading to Shannon's next argument claims that the superior court abused its discretion and violated his due process rights, he makes no argument in the two sentences that follow it. Nor does he provide a legal theory or any law. It, too, is waived.

16. Shannon's remaining arguments are based on misunderstandings.

17. His second argument objects to the court relying on "uncorroborated and hearsay testimony" for its findings. But "[h]earsay is a statement, *other than one made by the declarant while testifying* at the trial or hearing, offered in evidence."[9] Because witness testimony is not hearsay, it is evidence that the superior court was entitled to rely on to make its decisions.

18. Shannon also argues that the court failed to find a change in circumstances specific to the younger child. He states that failure violates AS 25.20.110, the statute that governs modification of child custody orders. Subsection (a) of the statute requires the court to first "determine[] that a change in circumstances requires the modification of the award and the modification is

---

[8] Included in this argument is Issue 6 in Shannon's Statement of Issues Presented for Review (exclusion of exhibits).

[9] Alaska R. Evid. 801(c) (emphasis added). And any hearsay testimony, such as Mary's relaying of a child's statement, becomes evidence if no party objects to it. *See Byrd v. State*, 626 P.2d 1057, 1058 (Alaska 1980) ("We have held that hearsay evidence is admissible if the opposing party does not object to it."). Shannon did not object.

in the best interests of the child."[10]  But neither the statute nor any of our cases interpreting and applying the statute require separate determinations for each child in the family.  Shannon's argument that such a determination is required is not correct.

19.    The superior court's order is AFFIRMED.

---

[10]    AS 25.20.110(a).