645 P.2d 1288

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, and the Honorable Philip Fahringer, Judge of the Superior Court, Respondent,

and

Patrick Allen COOK, Real Party in Interest.

No. 2 CA–CIV 4367.

Court of Appeals of Arizona, Division 2.

May 26, 1982.

Stephen D. Neely, Pima County Atty. by Thomas J. Zawada, Tucson, for petitioner.

Frederic J. Dardis, Pima County Public Defender by Tom Hippert, Tucson, for real party in interest.

OPINION

HOWARD, Chief Judge.

This special action presents again the problem of allowing disclosure of internal affairs records of police officers to a de-

fendant in a pending criminal prosecution. Real party in interest Cook is the defendant in a pending prosecution for resisting arrest. He filed a motion for disclosure of the internal affairs records of Officer Smith, the arresting officer, alleging that Smith was overly aggressive, assaultive, and unprofessional in his actions. The respondent court ordered production of the internal affairs records of Officer Smith for an in camera inspection and after reviewing the records, ordered the state to turn over two complaints against the officer which, according to the state, the respondent judge indicated dealt with acts of verbal over-aggressiveness, but not overly aggressive or assaultive conduct.

The state contends that the order of the respondent court exceeded the stringent requirements enunciated by this court in *State ex rel. DeConcini v. Superior Court*, 20 Ariz.App. 33, 509 P.2d 1070 (1973), and its progeny. In his cross-petition, the defendant contends that the respondent court misinterpreted our *DeConcini* holding by limiting the disclosure order to two complaints which resulted in departmental findings adverse to Officer Smith. He contends that the trial court should not be limited to ordering disclosure of only those complaints which resulted in adverse findings, but that when the alleged over-aggressiveness of a police officer is in issue, the judge should be free to determine what complaints are sufficiently similar and relevant to the present fact pattern to be discoverable.

Upon re-examination of the *DeConcini* holding, we conclude that prior complaints against a peace officer involved in a criminal case under the circumstances presented here should not be subject to discovery since they are not relevant. This information cannot lead to any admissible evidence and is not itself admissible. Therefore, disclosure in this case was improper and we grant relief.

In *DeConcini* we stated:

"There is no question that if defendant Franze could establish other incidents of 'over-aggressiveness' on the part of the police officers involved in this case, such evidence could seriously be considered by the trier of fact in determining his guilt or innocence." 20 Ariz.App. at 37, 509 P.2d 1070.

Division One of this court in *State ex rel. Berger v. Superior Court*, 21 Ariz.App. 320, 519 P.2d 73 (1974), in reliance on our *DeConcini* decision, declined to interfere with a trial court order requiring the state to disclose to the defendant charged with aggravated assault all reports, complaints, departmental investigations and actions taken, if any, in connection with similar incidents involving the arresting officers.

In *State v. Birdsall*, 116 Ariz. 196, 568 P.2d 1094 (App.1977), we upheld a limited intrusion into a homicide victim's school record which would be relevant to the self-defense issue, i.e., incidents involving the victim's aggressiveness or assaultive tendencies. We noted, however, that evidence of the deceased's reputation for belligerence and aggressiveness was admissible on the issue of self-defense, and that it would be unfair to the defendant to have to interview the entire junior high school population in an attempt to discover the deceased victim's reputation as an aggressor.

In three civil cases against the city or county for negligent employment and retention of police officers known to have vicious propensities, we upheld the plaintiff's right to information concerning complaints in regard to assaults or other incidents involving the police officers which would go to show their vicious propensities and notice to the employer regarding those propensities. See *Pima County v. Harte*, 131 Ariz. 68, 638 P.2d 735 (App.1981); *City of Tucson v. Superior Court*, 25 Ariz.App. 512, 544 P.2d 1113 (1976); *City of Phoenix v. Peterson*, 11 Ariz.App. 136, 462 P.2d 829 (1969). We believe the rationale of those cases is eminently correct, but disclosure of prior complaints against a peace officer involved in the case sub judice should not be subject to disclosure.

Real party in interest Cook filed a motion to have an in camera inspection of the internal affairs records of Officer Smith "to determine if there have been any past citizen complaints or allegations of misconduct against Officer Smith which would be relevant to the instant case." His position was that he was subjected to police harrassment in that Officer Smith was overly aggressive and assaultive, and that in order to adequately prepare the best possible defense, he needed to determine whether there had been substantiated complaints against Smith involving aggressive conduct.

In *DeConcini*, we stressed the fact that the crucial issue upon which the accused's guilt or innocence might hinge was whether one or more of the arresting officers had been the aggressor in the incident in question and that the accused's version, if believed by the trier of fact, would afford him a defense. Therefore, any prior complaints concerning assaultive conduct on the part of those officers which had resulted in departmental sanctions or determinations unfavorable to them would be admissible to impeach the officers on cross-examination. We now believe this reasoning was incorrect.

The defendant would be unable to use this evidence of other bad acts to show that the officers acted in conformity with an aggressive and violent character. *State v. Watkins*, 126 Ariz. 293, 614 P.2d 835 (1980); Rule 404(b), Arizona Rules of Evidence, 17A A.R.S.[1] Nor is such evidence admissible under Rule 405(a) as a trait of character which is an essential element of a defense. *State v. Lehman*, 126 Ariz. 388, 616 P.2d 63 (App.1980).

Specific instances of conduct, for the purpose of attacking or supporting a witness' credibility may, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of a witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. Rule 608(b), Arizona Rules of Evidence, 17A A.R.S. Assaultive conduct does not involve dishonesty or false statement and therefore could not be used to impeach the credibility of the officers. *United States v. Akers*, 374 A.2d 874 (D.C.App.1977); *People v. Torres*, 77 Misc.2d 13, 352 N.Y.S.2d 101 (1973).

We explicitly overrule *DeConcini v. Superior Court*, supra, and hold that no complaint of over-aggressiveness in the internal affairs records of an arresting police officer may be subject to an in camera examination by the court and possible disclosure to the defendant in the criminal prosecution.

The state's petition for relief is granted and the respondent court is directed to vacate its order for disclosure. The cross-petition for special action is dismissed.

HATHAWAY and BIRDSALL, JJ., concur.

1. In California, discovery of citizen complaints made to a law enforcement agency concerning the use of excessive force by a peace officer are discoverable. However, in contrast to our rule of evidence, such records would be admissible to prove that the peace officer used excessive force against the defendant under § 1103 of the Evidence Code which provides in part:

"(a) In a criminal action, evidence of the character or a trait of character (in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct) of the victim of the crime for which the defendant is being prosecuted is not made inadmissible by Section 1101 [generally excluding evidence of character to prove conduct] if such evidence is: (1) Offered by the defendant to prove conduct of the victim in conformity with such character or trait of character."