680 P.2d 211

**STATE of Arizona, ex rel., Frederick S. DEAN, City Attorney for the City of Tucson, Petitioner/Appellant,**

v.

**CITY COURT of the CITY OF TUCSON, and The Honorable Eugene H. Hays, Magistrate thereof, Respondent,**

and

**Josef ROSS, Real Party in Interest/Appellee.**

**No. 2 CA–CIV 4956.**

Court of Appeals of Arizona, Division 2.

April 12, 1984.

Frederick S. Dean, City Atty. by R. William Call and Frank W. Kern III, Tucson, for petitioner/appellant.

Kelly C. Knop and John A. O'Brien, Tucson, for real party in interest/appellee.

OPINION

HATHAWAY, Judge.

This is a criminal prosecution pursuant to A.R.S. § 28–692, driving under the influence, filed in Tucson City Court.

Defense counsel submitted a motion for supplemental disclosure and an in camera inspection of the Tucson Police Department Internal Affairs records concerning the arresting officer, Roger Carrillo. In the motion, it was contended that Officer Carrillo

had a "reputation for dishonesty" and was belligerent, abusive and physically assaulted the defendant by use of force "completely unnecessary within the context of this arrest."

The city magistrate granted the discovery motion and ordered production of the internal affairs file of the arresting officer for in camera inspection. The prosecution unsuccessfully opposed the court's in camera inspection, but obtained a stay of the city court proceedings and filed a special action petition in the superior court challenging the city magistrate's order for production and in camera inspection of the Tucson Police Department's Internal Affairs records for the arresting officer. The special action petition was denied, hence this appeal.

The single issue presented is whether Tucson Police Department's Internal Affairs records of arresting officers are subject to in camera inspection and disclosure in a criminal prosecution. We affirm the superior court's denial of relief sought by the prosecution in this special action.

The petitioner/appellant's position is that the internal affairs records of an arresting officer are not subject to in camera inspection and possible disclosure to the defendant in a criminal prosecution, relying on *State v. Superior Court*, 132 Ariz. 374, 645 P.2d 1288 (App.1982), where we stated:

> "We explicitly overrule *DeConcini v. Superior Court*, supra, and hold that no complaint of over-aggressiveness in the internal affairs records of an arresting police officer may be subject to an in camera examination by the court and possible disclosure to the defendant in the criminal prosecution." 132 Ariz. at 376, 645 P.2d 1288.

The appellee in response also quotes from *State v. Superior Court*, supra, the following language taken from Rule 608(b), Rules of Evidence, 17A A.R.S.:

> "Specific instances of conduct, for the purpose of attacking or supporting a witness' credibility may, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of a witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." 132 Ariz. at 376, 645 P.2d 1288.

We conclude that the superior court appropriately denied the requested special action relief, since the city magistrate has discretion and there is no showing that he abused that discretion. The city magistrate was guided by *State v. Superior Court*, supra, and took appropriate steps to protect the policeman's privacy by ordering an in camera inspection of the internal affairs records to test the defense contention that the officer "has a well-known reputation among City Court Magistrates, prosecutors, fellow police officers, defense attorneys, bailiffs, and other court personnel for being less than truthful while testifying, and in trying to justify unprofessional conduct while in the field." Such inquiry, of course, is to be limited to the question of truthfulness, *State v. Superior Court*, supra; Rules of Evidence, Rule 608(b), 17A A.R.S., and supported by a showing of necessity pursuant to Rules of Criminal Procedure, Rule 15.1(e), 17 A.R.S.[1]

The judgment is affirmed.

BIRDSALL, C.J., and HOWARD, J., concur.

---

1. "(e) Disclosure by Order of the Court. Upon motion of the defendant showing that he has substantial need in the preparation of his case for additional material or information not otherwise covered by Rule 15.1, and that he is unable without undue hardship to obtain the substantial equivalent by other means. The court in its discretion may order any person to make it available to him. The court may, upon the request of any person affected by the order, vacate or modify the order if compliance would be unreasonable or oppressive."