681 P.2d 921

**STATE of Arizona, Appellee,**

v.

**Carlos Sauceda ZAMORA, Appellant.**

**No. 1 CA–CR 7109.**

Court of Appeals of Arizona,
Division 1, Department B.

May 3, 1984.

Robert K. Corbin, Atty. Gen. by William
J. Schafer III, Asst. Atty. Gen., Chief

Counsel, Criminal Division and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GREER, Judge.

Defendant was charged by indictment with one count of aggravated assault, a violation of A.R.S. § 13–1204(A)(2). After a jury trial where defendant argued self-defense, defendant was found guilty as charged. The trial judge sentenced the defendant to the presumptive term of 7.5 years for conviction of a class 3 dangerous felony.

On appeal, defendant raises the following issues:

1. Whether the trial judge erred by excluding evidence of the victim's alleged gang membership and alleged reputation for carrying a gun.

2. Whether the trial court erred by giving a jury instruction on provocation.

We hold that the trial judge did not err, and therefore affirm.

The victim, Ernest Maldonaldo, was riding his bicycle in the town of Guadalupe. He stopped in a driveway to talk to some friends. As Maldonaldo's friends dispersed, defendant and James Molina came up to talk to Maldonaldo. Defendant was carrying a .25 automatic pistol and a plastic bag containing paint. Defendant and Molina had been drinking earlier that day and defendant had been sniffing paint. Maldonaldo remained at the scene and talked with Molina and defendant. Maldonaldo and Molina had an unfriendly conversation. Maldonaldo reached to his pocket and defendant fired one shot into Maldonaldo's stomach. The evidence showed that Maldonaldo had a small switchblade in his front pants pocket, but was not carrying a gun at the time of the attack. Defendant and Molina fled the scene, and defendant threw his gun into a canal. The weapon was never recovered. Defendant pled not

guilty and asserted the defense of justification at trial.

## EXCLUSION OF EVIDENCE

During the trial, defendant attempted to show the victim's trait for violence, as bearing on whether the victim was the aggressor, by introducing evidence that the victim had a reputation for carrying a gun and by introducing evidence that the victim was a gang member. The trial court disallowed any general questions about the victim's alleged general reputation for carrying a gun, but allowed evidence of specific instances of the victim's ownership and possession of guns. The trial judge excluded all references to the victim's alleged membership in a gang. Defendant now contends that he was denied the opportunity to present relevant evidence of the victim's character.

■ Questions as to the admissibility of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Higgins v. Arizona Savings and Loan Assoc.,* 90 Ariz. 55, 365 P.2d 476 (1961). Although character evidence is not generally admissible to prove that a person acted in conformity therewith, an accused may offer proof of the victim's reputation for violence when an issue of self-defense is raised. *State v. Birdsall,* 116 Ariz. 196, 568 P.2d 1094 (App.1977); Rule 404(a)(2), Arizona Rules of Evidence.

■ Regarding the exclusion of the victim's alleged reputation for carrying a gun, we find that the trial judge properly limited the scope of this examination. In our minds, the possession of a pistol is of minimal probative value on the possessor's aggressive character, especially in these times of increasing violence and fear of crime. *See, State v. Canedo,* 115 Ariz. 60, 563 P.2d 315 (App.1977); vacated on other grounds, 125 Ariz. 197, 608 P.2d 774 (1980); Udall and Livermore, *Arizona Practice— Law of Evidence,* § 83 at 175, n. 28 (2nd ed. 1982). Furthermore, there is no indication in the record that the defendant was

aware of any reputation of the victim in the community for carrying a gun or for having a violent nature. The defense was properly allowed to introduce specific instances of the victim's possession of a gun, of which the defendant was aware, as this evidence was relevant to the defendant's state of mind at the time of the incident. *State v. Jackson,* 94 Ariz. 117, 382 P.2d 229 (1963).

Defendant also sought to prove the victim's violent nature through his supposed gang membership, as evidenced by a tattoo on the victim's neck. The court sustained the state's objection to defendant's questions regarding victim's tattoo and gang membership. Defendant questioned two police officers on their familiarity with such gangs, but was not allowed to delve into the victim's relationship to those gangs. After a hearing on the defendant's offer of proof, the trial judge reaffirmed his ruling.

■ The trial judge determined that the victim's alleged gang membership was not relevant to his reputation for violence. We agree. Evidence that the victim allegedly belonged to a gang is not evidence of a trait; it is evidence of a specific prior act, used to show a violent nature circumstantially. Relevant character evidence would be testimony by a witness to the effect that the witness has heard others in the relevant community speak about the victim's character, and that the community generally speaks of the victim as a violent person. *See,* Udall and Livermore, *Law of Evidence,* § 83 (Second Ed., 1982). Specific acts of violence by the victim are admissible only if the defendant knew of them, *State v. Jackson, supra,* or if they are directed toward third persons relating to or growing out of the same transaction, or so proximate in time and place and circumstances as would legitimately reflect upon the conduct or motives of the parties at the time of the affray. *State v. Canedo, supra. See* our related discussion in *State v. Williams,* 1 CA–CR 6207, 6963 (consolidated) also decided today. In this case the defendant made no showing that he knew

of any gang called the "Eastsiders," that he knew the victim was a member of such a gang, that he knew the victim had a tattoo, that he knew the gang to be violent, or that such alleged membership in any way affected or was related to the reasonableness of his actions on the night in question. Additionally, although defendant claimed that two officers would testify that the victim's tattoo was consistent with a gang called the "Eastsiders," defendant apparently could not sustain his offer of proof. The victim denied any gang memberships or the existence of a gang called the "Eastsiders." One of the two officers testified only that there were three predominant local gangs, none of which was called the "Eastsiders". Neither testified to the existence of tattoos. The evidence was properly excluded.

## JURY INSTRUCTIONS

During trial, the court gave an instruction as follows:

> One who is at fault in provoking a difficulty which necessitates his use of force may not rely upon a plea of self-defense to justify or excuse his conduct.

Defendant contends that the evidence does not support a finding that he provoked the incident and that this instruction was in error.

■ Defendant's analysis is misapplied. The instruction is a correct statement of Arizona law. A.R.S. § 13–404(B). An essential element of self-defense is the accused's freedom from fault in provoking the difficulty that gives rise to the use of the force. *State v. Sourivathong,* 130 Ariz. 461, 636 P.2d 1243 (App.1981). It was the duty of the trier of fact to determine whether or not appellant had a valid claim of justification. Therefore, it was also incumbent upon the trier of fact to determine whether the defendant provoked the encounter. *See State v. Islas,* 132 Ariz. 590, 647 P.2d 1188 (App.1982).

For the foregoing reasons, the sentence and conviction are affirmed.

MEYERSON, P.J., and FROEB, J., concur.