685 P.2d 764

**STATE of Arizona, Appellee,**

v.

**Eddie James WILLIAMS, Appellant.**

**Nos. 1 CA–CR 6207, 1 CA–CR 6963.**

Court of Appeals of Arizona,
Division 1, Department B.

May 8, 1984.

Review Denied July 10, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

## OPINION

GREER, Judge.

Appellant was charged by information with second degree murder, and following a jury trial at which he raised self-defense, he was convicted of the charge. He was sentenced to 21 years imprisonment.

The charge against appellant arose from a confrontation with the victim, Fred Garcia. Several eyewitnesses to the shooting testified at trial. The appellant had driven a friend, Red, to a bar in Phoenix so that Red could obtain a loan. There was also testimony that the purpose of the trip to the bar was to permit Red to obtain narcotics. While Red was attempting to purchase narcotics, the victim approached appellant's vehicle to talk to one of the female passengers. Appellant remained in the driver's seat and spoke with the victim. Although appellant had not met the victim before, Red had told him that the victim was part of the "Mexican Mafia" and that the victim did not like strangers coming around the bar.

The victim had a conversation with appellant and, at various times, the victim rested his hands on the sill of the open driver's window of appellant's vehicle. Red told the victim to stop the conversation with appellant and, at that point, the victim stood up. He apparently said something to Red, and leaned back down to talk to the appellant through the open driver's window. As he bent down to speak with appellant again, appellant shot the victim between the eyes with a .22 caliber revolver. Appellant was arrested a short time later after he had driven away.

On appeal, appellant raises the following issues: (1) the trial court erred in refusing to admit evidence of prior, specific incidents of misconduct by the victim; (2) the trial court committed fundamental error in its instructions to the jury; and, (3) the prison sentence finally imposed on the appellant deprived him of due process of law.

## EVIDENCE OF PRIOR SPECIFIC INCIDENTS OF MISCONDUCT BY THE VICTIM

On appeal, appellant challenges the trial court's ruling which excluded evidence of the victim's violent character through his prior armed assaults, of which appellant had no prior knowledge.

At the close of the state's case, defense counsel moved *in limine* to introduce the victim's prior assaults to show the victim's violent character. The prosecutor stated that she had no objection to the defense putting on evidence of the victim's reputation for violence or belligerence, but argued that the defense could not go into specific acts of the victim because they were never communicated to or known by the defendant. Counsel also argued the admissibility of the appellant's knowledge, through Red, that the victim was a member of the "Mexican Mafia." At the conclusion of the hearing, the court denied the motion *in limine*, "in reference to the statements of Campbell [Red] that the defendant intends to testify to."

On April 27, 1982, prior to calling witnesses, defense counsel requested the court in chambers to expand its previous ruling. Counsel argued that pursuant to Rule 406, Arizona Rules of Evidence, he should be permitted to introduce the victim's prior armed assaults as part of the victim's habit. The trial court denied the request to prove specific instances of misconduct.

Appellant argues that the victim's "intent," not his character, was the critical issue, and similar prior acts which are fairly probative of such determination are clearly admissible. He argues the evidence would have shown that it was the victim's consistent habit to carry a gun when intoxicated.

■ When character or a trait of character is an essential element of a charge, claim, or defense, proof of specific instances of the person's conduct may be admissible. Rule 405(b), Arizona Rules of Evidence; *State v. Lehman*, 126 Ariz. 388, 391, 616 P.2d 63 (App.1980). To be an "essential element," the character trait must be an operative fact which, under

substantive law, determines the rights and liabilities of the parties. *Id.* Although appellant suggests that the victim's "intent" was at issue in this case, clearly it was not an essential element to be proven by the state. *State v. Lehman*, 126 Ariz. 388, 391, 616 P.2d 63 (App.1980), *quoting McClellan v. State*, 264 Ark. 223, 570 S.W.2d 278 (1978).

In *McClellan v. State, supra*, the defendant offered testimony regarding a specific, prior bad act of the victim in order to demonstrate that the victim might have been the aggressor at the time he was killed. The trial judge did not admit the evidence. The court stated:

Rule 405(a) of the Uniform Rules of Evidence provides that an admissible trait of character may be proved by testimony as to reputation or by testimony in the form of an opinion. On cross-examination inquiry may be made as to relevant specific instances.

.        .        .        .        .

Rule 405 is taken verbatim from Rule 405 of the Federal Rules of Evidence. 28 U.S.C.A., Federal Rules of Evidence (1975). The Advisory Committee's Notes to the federal rule explain why direct evidence of specific conduct is limited to instances in which the trait of conduct is squarely in issue:

Of the three methods of proving character provided by the rule, evidence of specific instances of conduct is the most convincing. At the same time it possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time. Consequently the rule confines the use of evidence of this kind to cases in which character is, *in the strict sense*, in issue and hence deserving of a searching inquiry. When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion.

.        .        .        .        .

... The trait of character must be an operative fact which under substantive

law determines the rights and liabilities of the parties.

570 S.W.2d at 279–80 (emphasis added).

In *McClellan,* the court concluded that the victim's character as an aggressive person was not "an essential element" of the defendant's defense of self-defense.

In *State v. Lagasse,* 410 A.2d 537 (Me. 1980), a defendant, charged with murder, attempted to introduce evidence that the victim, a heavy drinker, had assaulted his ex-wife on the average of three times a week over a ten year period. The defendant argued that the evidence was admissible either as character evidence under Rule 404, or as evidence of habit, under Rule 406. The purpose of offering the evidence was to bolster his claim of self-defense on the theory that the evidence would tend to show that the decedent was the aggressor in the fatal fight. 410 A.2d at 541. In responding to the argument, the court stated:

> Habit or routine practice is admissible under M.R.Evid. 406(a). The rationale behind the rule is explained in the Advisers' Note: '[H]abit describes one's regular response to a repeated specific situation so that doing the habitual act becomes semi-automatic. It is the notion of the invariable regularity that gives habit evidence its probative force.' Advisers' Note, M.R.Evid. 406. *See generally* R. Field & P. Murray, Maine Evidence § 406.1 (1976). The tendency of a person to engage in violent acts while under the influence of intoxicating liquor does not establish the 'regular response to a repeated specific situation' necessary to constitute habit under M.R.Evid. 406. *Id.* Rather, such evidence is character evidence—'a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness.' Field & Murray, *supra.* Thus, the evidence was not admissible under the provisions of Rule 406(a).

410 A.2d at 541–42.

■ We agree with the court in *Lagasse.* Evidence of a victim's tendency to engage in violent acts while under the influence of intoxicating liquor is properly considered character evidence and not evidence of habit. As the courts noted in *McClellan* and *Lehman,* proving character through specific acts is not permissible unless the evidence is otherwise properly admitted under Rule 405(b), where the victim's character is an "essential element" of the defense. The victim's character is not an essential element of the defendant's defense of self-defense. *See* A.R.S. § 13–404.

■ A defendant charged with homicide may be permitted to introduce evidence of specific acts of violence by a deceased only when those acts were personally observed by the defendant or made known to him prior to the homicide. *State v. Jackson,* 94 Ariz. 117, 121, 382 P.2d 229 (1963). The evidence is admitted upon that foundational showing because it has a bearing on the defendant's state of mind and the reasonableness of his belief that deadly force was necessary when it was used. *See State v. Zamora,* 681 P.2d 921, which we have also decided today.

Here there is no showing that the defendant knew of the victim's prior assaults. The trial judge properly refused to allow this evidence under Rule 405(a), Arizona Rules of Evidence.

### JURY INSTRUCTION ON
### SELF-DEFENSE

Appellant suggests that, although the trial court properly instructed the jury as to the burden of proof in this case, the trial court committed fundamental error by omitting a particular instruction as to the burden of proof on the issue of self-defense. Appellant suggests that proper instructions on the appellant's burden of proof were necessary to prevent jury confusion and "burden-shifting." He relies on *State v. Denny,* 119 Ariz. 131, 579 P.2d 1101 (1978), to support his argument that it is fundamental error to fail to inform the jury clearly on the defendant's burden of proof on the issue of self-defense.

The state argues that the failure to give an instruction which provides that the defendant need only raise a reasonable doubt regarding self-defense, does not give rise to fundamental error. *State v. Evans,* 125 Ariz. 140, 608 P.2d 77 (App.1980).

 Trial counsel did not request the clarifying instruction that is now asserted as fundamental error on appeal. The instructions given by the court were those general instructions given by the court in *State v. Evans, supra,* where the court found, on appeal, that there was no fundamental error in failing to give the instruction on the defendant's burden of proof. As the court recently noted in *State v. Wussler,* 679 P.2d 74 (Ariz.Sup.Ct.1984), it will be the rare case that an instruction to which a party does not object would warrant a reversal. We find that the trial court's general instructions on reasonable doubt, the state's burden of proof and self-defense adequately covered the general principles of law pertaining to appellant's defense.

## RESENTENCING

Appellant was originally sentenced *in absentia* to a prison term of 22 years, as a "dangerous" offender. A.R.S. § 13-604(G). However, in a post-conviction proceeding, the state confessed error in the lawfulness of the sentence imposed, because an allegation of "dangerousness" had not been submitted to the jury. After a limited pre-sentence hearing at which appellant was present, the trial court resentenced appellant for second degree murder, a repetitive class two felony, to the maximum term of 21 years.

Appellant argues that because the trial judge sentenced appellant to less than the maximum when he was initially sentenced, the subsequent resentencing to the maximum term denied him due process of law. In resentencing appellant, the trial court reiterated the factors which it had originally considered when it imposed the original sentence.

Relying on *State v. Towns,* 136 Ariz. 541, 667 P.2d 241 (App.1983), the state argues that it was proper for the court to consider the circumstances of the offense and to sentence appellant to the maximum sentence. The state acknowledges that although the sentence is proportionally greater, it was proper for the trial court to consider the intentional infliction of serious physical injury as an aggravating factor under A.R.S. § 13-702, a factor which the court had previously presumed was considered under A.R.S. § 13-604(G).

The sentence properly reflects the trial court's belief that it was an appropriate punishment for the particular crime and the particular offender. As in *State v. Towns, supra,* we find that a harsher sentence has not in fact been imposed for the same conduct and, therefore, there was no due process violation.

Judgment and sentence affirmed.

MEYERSON, P.J., and FROEB, J., concur.