743 P.2d 956

**The STATE of Arizona, Appellee,**

**v.**

**Eddie CANO, Appellant.**

**No. 2 CA–CR 4714.**

Court of Appeals of Arizona, Division 2, Department A.

July 21, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Ronald L. Crismon, Phoenix, for appellee.

Hirsch & Saltsman by Gordon Clevenger, Apache Junction, for appellant.

## OPINION

HATHAWAY, Judge.

This appeal involves the trial court's refusal to order an in camera inspection of certain Department of Corrections records in connection with the alleged victim in an aggravated assault case. We find that the court did not abuse its discretion and affirm.

While he was an inmate at the Arizona State Prison in Florence, appellant bit a Department of Corrections officer's thumb. Appellant was charged with aggravated assault, a class 5 felony, in violation of A.R.S. § 13–1204(A)(7). In order to obtain information to support his self-defense claim and to prove that the officer was untruthful, appellant filed a motion, pursuant to Rule 15.1, Rules of Criminal Procedure, 17 A.R.S., to compel discovery of:

> [a]ny and all reports, complaints, departmental investigations and actions taken, if any, by the Arizona Department of Corrections concerning Correctional Service Officer Brian Schitter, involving any incidents wherein an issue or allegation arose concerning the aforementioned officer as to his being overly aggressive, beligerent [sic], or physically abusive towards the Defendant in this case or any

other inmate of the Department of Corrections or wherein the honesty or truthfullness [sic] of the aforementioned officer was an issue.

The trial court refused to rule on appellant's motion without a further showing of need. Appellant filed a new motion and the affidavit of his investigator, indicating that inmates contended the officer was predisposed to provoking altercations and that inmates had previously filed grievances against him. The court denied the motion.

A jury found appellant guilty. Appellant contends that the trial court erred in failing to order an in camera inspection of the Arizona Department of Correctional Service records and in failing to disclose those portions relating to the officer's aggressive behavior and untruthfulness.

Rule 15.1(e), Rules of Criminal Procedure, 17 A.R.S. provides, in part, that:

> Upon motion of the defendant showing that he has substantial need in the preparation of his case for additional material or information not otherwise covered by Rule 15.1, and that he is unable without undue hardship to obtain the substantial equivalent by other means, the court in its discretion may order any person to make it available to him.

We will not modify a discovery ruling under Rule 15.1(e) unless we find that the court clearly abused its discretion. *State v. Loyd,* 118 Ariz. 106, 574 P.2d 1325 (App. 1978); *State v. Birdsall,* 116 Ariz. 196, 568 P.2d 1094 (App.1977).

■ Information in internal records such as those at issue is not discoverable unless it could lead to admissible evidence or would be admissible itself. *State v. Superior Court,* 132 Ariz. 374, 645 P.2d 1288 (App.1982). The information that appellant desired goes to the character of the officer. Proof of character is generally not admissible to prove that a person "acted in conformity therewith on a particular occasion." Rule 404(a), Rules of Evidence, 17A A.R.S. However, evidence of pertinent character traits of a victim may be admissible. Rule 404(a)(2). Rule 405 differentiates between using specific instances of

conduct and using reputation or opinion testimony as methods of proving character:

(a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in a form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

■ Appellant claims that because he raised self-defense, the officer's violent character trait is an essential element under Rule 405(b), and specific instances of past conduct may be admitted into evidence. "To be an 'essential element,' the character trait must be an operative fact which, under substantive law, determines the rights and liabilities of the parties." *State v. Williams,* 141 Ariz. 127, 129, 685 P.2d 764, 766 (App.1984). In *Williams,* the court held that a victim's tendency to be violent while under the influence of alcohol was not an essential element of a homicide charge. The defendant had claimed self-defense. The *Williams* court stated that a defendant could introduce proof of specific acts upon a foundational showing that those acts had been personally observed or made known to the defendant prior to the victim's death. Without proof that the accused knew about the prior acts and that those acts consequently could have influenced his state of mind and the reasonableness of his belief that he needed to use force in self-defense, the court held that the evidence was properly refused. See also, *State v. Santanna,* 153 Ariz. 147, 735 P.2d 757 (1987); *State v. Young,* 109 Ariz. 221, 508 P.2d 51 (1973); *State v. Zamora,* 140 Ariz. 338, 681 P.2d 921 (App.1984).

Here, both appellant and the state elicited testimony describing a prior incident where the officer allegedly threw a coffee pot at appellant. There is no indication that appellant claimed, either before or at trial, that he knew about any other specific acts of violence committed by the officer. Because he did not meet the necessary foundational requirement, the trial court properly exercised its discretion in denying appellant's request for an in camera review of the records.

Citing *Amarok v. State,* 671 P.2d 882 (Alas.App.1983), appellant contends that specific acts are also admissible to show who was the aggressor. The *Amarok* court held that, under Alaska Rule of Evidence 405(b),[1] an accused who raises self-defense in an assault case may offer prior acts to show who was the aggressor regardless of knowledge of the prior incidents. Arizona courts have, however, interpreted Rule 405(b) more narrowly than the Alaskan court, as demonstrated by the discussion above and by the overruling of *State ex rel. DeConcini v. Superior Court,* 20 Ariz.App. 33, 509 P.2d 1070 (1973), in *State v. Superior Court,* 132 Ariz. 374, 645 P.2d 1288 (App.1982).

■ Pursuant to Rule 404(a)(2), appellant was entitled to introduce evidence of the officer's pertinent character traits. That evidence may have been made by testimony as to reputation or opinion. Rule 405(a). Appellant contends that had he offered such testimony, it could have been expected that the state would offer contradictory testimony and that he then would have been entitled to inquire into specific instances of conduct during cross-examination. Rule 405(a). Appellant's argument is uncompelling. Both the trial court and the state agreed that appellant could review the DOC file for purposes of cross-examination only if the officer's reputation for violence was placed in issue. Appellant presented neither opinions as to nor testimony about the officer's reputation for violence.

■ The trial court also refused to allow appellant access to the DOC file for evidence of untruthfulness. While appellant may have attacked the officer's credibility by opinion or reputation evidence, he only

---

1. A.R.E. 405(b) is identical to Arizona's Rule 405(b).

would have been allowed to inquire into specific instances of conduct upon cross-examination after the state attempted to rebut his proof. Rule 608, Rules of Evidence, 17A A.R.S.; *State v. Superior Court,* supra. Appellant contends that *State ex rel. Dean v. City Court,* 140 Ariz. 75, 680 P.2d 211 (App.1984), demonstrates that the trial court should have allowed the requested examination of the records for evidence of untruthfulness. In *State ex rel. Dean,* we approved the granting of a discovery motion allowing an in camera inspection and disclosure of certain internal affairs records regarding an arresting officer where the defense contended the officer had a well-known reputation for dishonesty. Given the context, we held that the magistrate had not abused his discretion. Unlike *State ex rel. Dean,* appellant never contended, nor offered testimony at trial to demonstrate, that the officer had a well-known reputation for dishonesty. Rather, the request for information bearing upon the truthfulness of the officer appears to have been an unfavored "fishing expedition." *State v. Kevil,* 111 Ariz. 240, 527 P.2d 285 (1974). We find that the court did not abuse its discretion in denying the request.

Affirmed.

HOWARD, P.J., and LACAGNINA, C.J., concur.