897 P.2d 634

**The STATE of Arizona, Appellee,**

v.

**Fred Woodrow ROSCOE, Appellant.**

**No. 2 CA–CR 92–0987.**

Court of Appeals of Arizona,
Division 2, Department B.

May 31, 1994.

Review Granted June 29, 1995.

OPINION

HATHAWAY, Judge.

Fred Roscoe (Roscoe) appeals his convictions by a jury of two counts of aggravated assault on police officers, class six felonies, one count of disorderly conduct, a class one misdemeanor, and one count of resisting arrest, a class six felony. The charges arose out of two arrests, the first occurring in June 1991, and the second in March 1992. Each incident involved different police officers. The state alleged that Roscoe committed the 1992 offense while on release from the 1991 incident.

In June 1991, a neighbor of Roscoe's girlfriend called 911 to report a domestic dispute involving Roscoe and the girlfriend. A fight between the officers and Roscoe ensued. Roscoe and one of the officers were injured, both requiring hospital treatment. Roscoe was subsequently arrested.

In March 1992, a neighbor of Roscoe's mother called officers regarding an argument between Roscoe and a female friend. When officers arrived at the scene, a fight between Roscoe and the officers ensued. Two officers and Roscoe were injured during this incident. Again, Roscoe was arrested.

Roscoe raises five issues on appeal, arguing for reversal. We affirm.

## I. EXCLUSION OF EVIDENCE OF OTHER SPECIFIC ACTS OF VIOLENCE BY THE POLICE OFFICERS–VICTIMS

Roscoe argues that his convictions should be reversed because he was not permitted to offer evidence regarding other specific acts of alleged violence by the officers-victims. It is within the trial court's discretion to determine whether or not to admit evidence at trial. We will not disturb the court's ruling absent a clear abuse of that discretion. *State v. Robles*, 135 Ariz. 92, 659 P.2d 645 (1983).

Generally, character evidence is not admissible to show actions in conformity on a specific occasion, although character evidence concerning a victim may be admitted if it is

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, and Linda L. Knowles, Phoenix, for appellee.

Susan M. Kettlewell, Pima County Public Defender by Kristine Maish, Tucson, for appellant.

demonstrative of a pertinent trait of character offered by an accused. Ariz.R.Evid. 404(a) and 404(a)(2), 17A A.R.S. Where a character trait is an essential element of a charge, claim or defense, evidence of specific instances of the individual's conduct may be admitted. *State v. Cano*, 154 Ariz. 447, 743 P.2d 956 (App.1987).

■ Roscoe argues that character evidence concerning the officers' propensity for violence is relevant to his defense of self-defense and to show that he was not the aggressor. Neither basis for admitting the evidence satisfies the essential element requirement set forth in *Cano*. "To be an 'essential element,' the character trait must be an operative fact which, under substantive law, determines the rights and liabilities of the parties." *State v. Cano*, 154 Ariz. at 449, 743 P.2d at 958, quoting *State v. Williams*, 141 Ariz. 127, 129, 685 P.2d 764, 766 (App. 1984).

■ In order to satisfy the relevancy requirement, a foundational showing must be made that the defendant personally observed or was aware of the victim's prior acts before the incident in question. *State v. Cano; State v. Williams.* Unless the defendant can show that he knew about the victim's prior acts, he cannot show that such knowledge influenced his state of mind in order to justify self-defense. *State v. Taylor*, 169 Ariz. 121, 817 P.2d 488 (1991); *State v. Santanna*, 153 Ariz. 147, 735 P.2d 757 (1987); *State v. Cano*; M. Udall, J. Livermore, P. Escher and G. McIlvain, *Arizona Practice Law of Evidence* § 83 (3rd ed. 1991). Roscoe presented no evidence that he had prior knowledge of the officers' tendency for violence or aggressiveness, and the prior act evidence is therefore irrelevant. Under the circumstances of this case, we cannot say the trial court abused its discretion in precluding the evidence.

## II. DISCOVERY OF POLICE DEPARTMENT INTERNAL INVESTIGATION FILES

■ Roscoe requested disclosure of internal police investigation records and psychiatric and mental health records of certain officers-victims. Although the requests were denied, certain records were produced and inspected by the court *in camera.* Roscoe sought this information to prove that the officers had used excessive force against citizens in the past and for impeachment purposes.

This evidence is inadmissible. *State v. Superior Court and Cook*, 132 Ariz. 374, 645 P.2d 1288 (App.1982) (defendant unable to use prior complaints located in the internal affairs records of the arresting officer concerning assaultive conduct to show that the officer acted in conformity with an aggressive and violent character on a specific occasion). In light of our determination that such evidence was not admissible, we cannot say the trial court abused its discretion in denying the discovery.

## III. DENIAL OF DEFENDANT'S REQUESTED JURY INTERROGATORY

■ Roscoe argues that the trial court violated his due process rights when it refused to give the jury a requested interrogatory to determine whether it found that he injured the officers. He claims that the class two and three assault misdemeanors were improperly raised to felonies without a specific finding that he caused the victims physical harm. We disagree.

A finding of physical injury was unnecessary. Assault, as defined by A.R.S. § 13-1203, becomes aggravated assault under A.R.S. § 13-1204(A)(5), where the accused knows or has reason to know that the victim is a peace officer. Additionally, A.R.S. § 13-1204(B) provides that aggravated assault against a peace officer is a class 6 felony, regardless of whether the officer is injured.

## IV. DENIAL OF PRETRIAL INTERVIEWS OF THE POLICE OFFICERS-VICTIMS

■ Roscoe requested interviews of the police officers-victims who were injured in the two incidents, which were denied based

upon the Victim's Bill of Rights [1] as contained in the Ariz. Const. art. II, § 2.1(A)(5) which provides:

> To preserve and protect victims' rights to justice and due process, a victim of a crime has a right:
>
> *    *    *    *    *    *
>
> 5. To refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.

Roscoe argues that he should have been permitted to interview the officers based upon A.R.S. § 13–4433(F), the Victims' Rights Implementation Act, which provides:

> For the purposes of this section, a peace officer [2] shall not be considered a victim if the act that would have made him a victim occurs while the peace officer is acting in the scope of his official duties.

We disagree. The effect of A.R.S. § 13–4433(F) and its counterpart Ariz.R.Crim.P. 39(b), 17 A.R.S., is to abrogate a peace officer-victim's constitutional right to refuse an interview, deposition or other discovery request, as provided in the Arizona Constitution. Neither the legislature nor the courts have the power to abrogate rights provided in the Constitution. As the state notes, had the framers intended to except peace officers from the protection of the Constitution, it would have done so. For purposes of the Victim's Bill of Rights, "victim" is defined in the Arizona Constitution as:

> ... a person against whom the criminal offense has been committed ... except if the person is in custody for an offense or is the accused.

Ariz. Const. art. II, § 2.1(A)12, (C). The amendment excludes those in custody and the accused from the definition of "victim." However, peace officers-victims are not excepted from this definition and are therefore entitled to the same constitutional protections afforded to other victims. Courts must apply the plain language of the Victim's Bill of Rights. *Knapp v. Martone*, 170 Ariz. 237, 823 P.2d 685 (1992). A.R.S. § 14–4433(F)

and Ariz.R.Crim.P. 39(b) are accordingly unconstitutional, and the trial court correctly denied Roscoe's request to interview the officers.

## V. PROPER JURY INSTRUCTIONS REGARDING RESISTING ARREST

Roscoe requested the following jury instruction: "[p]ulling an arm away from an officer is not use of force against an officer," arguing that the instruction would clarify the legal meaning and scope of resisting arrest. The trial court correctly denied the requested instruction, giving instead, an instruction on resisting arrest which did not contain the language Roscoe wanted.

 The proffered instruction constitutes an *improper comment on the evidence*, contrary to the Arizona Constitution and caselaw. Ariz. Const. art. VI, § 27; *Jones v. Munn*, 140 Ariz. 216, 681 P.2d 368 (1984). An instruction is an improper comment when it expresses an opinion as to what the evidence shows or does not show, or when it assumes as proven a disputed fact. There was a dispute between the parties concerning what Roscoe did with his arm when the officer approached him. Additionally, as the state points out, the court need not allow an instruction, even if proper, where it is adequately covered by another instruction. *State v. Wiley*, 144 Ariz. 525, 698 P.2d 1244 (1985), overruled on other grounds, *State v. Superior Court in and for Maricopa County*, 157 Ariz. 541, 760 P.2d 541 (1988). The requested instruction was clearly covered by the one that was given.

We have searched the record for fundamental error and have found none. The judgment, convictions and sentences are affirmed.

DRUKE, C.J., and ESPINOSA, P.J., concur.

---

1. Proposition 104, based on an initiative measure, proposed an amendment to Article 2 of the Arizona Constitution providing for a Victim's Bill of Rights. Electors approved the initiative at the November 6, 1990, general election.

2. "Peace officer" means any person vested by law with a duty to maintain public order and make arrests. A.R.S. § 13–105(23).