*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARQUON LEON JACKSON,

        Defendant-Appellant.

UNPUBLISHED
February 1, 2024

No. 365018
Genesee Circuit Court
LC No. 22-049711-FC

Before: HOOD, P.J., and REDFORD and MALDONADO, JJ.

HOOD, P.J. (*concurring*)

I concur in the result. I agree with the bulk of the majority's analysis and conclusions, including its conclusion that MRE 403 prohibited the defense from asking whether the complainant was a member of a terrorist organization and its implications for the trial court's decision on the mistrial and double jeopardy. But I would also conclude that the trial court's initial decision regarding MRE 404(a)(2) was correct. Without more, MRE 404(a)(2) does not permit a party to use an individual's membership in a violent organization (whether a terrorist organization, gang, or other group with a reputation for violence) as a synecdoche for character for aggression. See *People v Bynum*, 496 Mich 610; 852 NW2d 570 (2014); *People v McGowan*, unpublished per curiam opinion of the Court of Appeals, issued July 15, 2021 (Docket No. 351094).[1] On this single aspect of the evidentiary issue, I disagree with the majority.

The majority accurately describes the background of this case, a murder trial following defendant Marquon Leon Jackson shooting and killing Mozzaffer Khogaly, where self-defense is the central issue. Critically, three days before trial, the prosecution provided the defense with a dashcam video of Jackson's arrest, on which an officer stated: "I just ran the victim. He's . . . flagged as being part of a possible terrorist organization." At trial, when cross-examining Khogaly's cousin, a prosecution witness, the defense asked, "You know that he's a member of a

---

[1] Though unpublished and thus nonbinding, we may still consider *McGowan* for its persuasiveness. *People v Otto*, ___ Mich App ___, ___ n 11; ___ NW2d ___ (2023) (Docket No. 362161); slip op at 12 n 11.

terrorist organization—." Although there are obvious foundational issues with this evidence,[2] the defense appears to have had a good-faith basis for asking the question. The trial court initially ruled that the defense could not ask about membership in a terrorist organization, but could ask if the cousin was aware of "any acts of aggression, violence, intimidation, and so forth." It later revisited its ruling and granted a prosecution motion for a mistrial.

Acknowledging that the trial court erred by indicating the defense could inquire into specific acts of aggression, violence, and intimidation, the trial court's initial ruling, excluding the defense's question about membership in a terror organization, was correct, and I would rely on it as a separate basis for affirming the outcome in this case. Put simply, membership in or allegiance to a violent or hateful group is not admissible under the portion of MRE 404(a)(2) that permits evidence of a victim's character for aggression.

The majority correctly identifies the standards of review. We review de novo the trial court's interpretation of the rules of evidence, and its decisions regarding the admissibility of evidence for an abuse of discretion. *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015). See also *People v Hine*, 467 Mich 242, 250; 650 NW2d 659 (2002) ("[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion.").

MRE 404(a)(2)(B) is a niche rule that provides parties in a criminal case a unique mechanism for introducing character evidence related to victims, when self-defense is an issue. See MRE 404(a)(2); *Harris*, 458 Mich at 318-319; 583 NW2d 680. In its relevant parts the rule provides:

> Exceptions for a Defendant or Victim in a Criminal Case. The following exceptions apply in a criminal case:
>
> (A) a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it;
>
> (B) in a homicide case, when self-defense is an issue, the defendant may offer evidence of the alleged victim's trait for aggression, and if the evidence is admitted, the prosecution may:
>
> (*i*) offer evidence of the defendant's same trait; and

---

[2] It remains unclear what prompted the officer's comment. The record is silent on, and counsel for both sides appear unaware of, what the officer was looking at when he made the statement. Assuming the officer was reading a law enforcement database entry, it is unclear what database he was reading or the source or reliability of the information. Those issues are not presently before us.

(*ii*) offer evidence of the alleged victim's trait for peacefulness to rebut evidence that the alleged victim was the first aggressor[.]  [MRE 404(a)(2)(A) and (B).[3]]

As the majority correctly observes, this rule permits introduction of two types of evidence: (1) evidence of the victim's violent character to show that the victim was the likely aggressor, and (2) evidence of the victim's violent character to show that the defendant acted out of self-defense. *Harris*, 458 Mich at 320-321.  Only one of these is at issue here.  Because Jackson did not know Khogaly, evidence of Khogaly's violent character could not bear on self-defense, as Jackson did not know him or his reputation.  But it could bear on whether Khogaly was the first aggressor. Regarding this subset of 404(a)(2) evidence, this Court has explained that specific incidents of conduct are not admissible to demonstrate a victim is the first aggressor:

> Evidence concerning the aggressive character of a homicide victim, even if the defendant was unaware of it at the time, is admissible in furtherance of a self-defense claim to prove that the victim was the probable aggressor.  However, this type of character evidence may only be admitted in the form of reputation testimony, not by testimony regarding specific instances of conduct unless the testimony regarding those instances is independently admissible for some other reason or where character is an essential element of a claim or defense.  The victim's character is not an essential element of defendant's self-defense claim. [*People v Orlewicz*, 293 Mich App 96, 104, 809 NW2d 194 (2011), remanded on other grounds by 493 Mich 916, 823 NW2d 428 (2012) (citations omitted).]

Further, the first-aggressor prong of MRE 404(a)(2) permits evidence of the *victim's* character, not evidence of an entire group.  Cf. *People v Bynum*, 496 Mich 610, 627; 852 NW2d 570 (2014) (interpreting MRE 404(a)(1) and holding that under MRE 404(a) " an expert may not testify that,

---

[3] The Michigan Rules of Evidence were recently amended, effective January 1, 2024.  The prior version of MRE 404(a)(2) was substantially the same.  It provided:

> (a) Character Evidence Generally.  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

> (1) *Character of Accused.*  Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same; or if evidence of a trait of character of the alleged victim of the crime is offered by the accused and admitted under subdivision (a)(2), evidence of a trait of character for aggression of the accused offered by the prosecution;

> (2) *Character of Alleged Victim of Homicide.*  When self-defense is an issue in a charge of homicide, evidence of a trait of character for aggression of the alleged victim of the crime offered by an accused, or evidence offered by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a charge of homicide to rebut evidence that the alleged victim was the first aggressor[.]

on a particular occasion, a gang member acted in conformity with character traits commonly associated with gang members.").

I would conclude that without more, evidence of Khogaly's membership in a violent group is inadmissible under MRE 404(a)(2) for three reasons: (1) precedent from our Supreme Court suggests this is the correct approach, see *Bynum*, 496 Mich at 623-631; (2) in unpublished but persuasive opinions, this Court has interpreted MRE 404(a)(2) as excluding such evidence, see, e.g., *People v McGowan*, unpub op at 7-8 (relying on *Bynum* to hold that MRE 404(a)(2) precluded evidence that victim was a member of a gang known to be especially violent and, therefore, the victim acted in conformity with this violence on the day in question); and (3) using group membership as evidence of individual character for violence runs afoul of the lodestar of the Michigan Rules of Evidence: reliability.

Our Supreme Court has held that group membership is inadmissible as character evidence under MRE 404(a). See *Bynum*, 496 Mich at 623-631. In *People v Bynum*, our Supreme Court held that MRE 404(a) barred the prosecution from introducing evidence of a defendant's gang membership to prove that he acted in conformity with traits commonly associated with gang members. *Id*. During a trial for first-degree murder and other shooting-related charges, the prosecution introduced expert testimony on the subject of gangs, gang membership, and gang culture, including expertise about local gangs. *Id*. at 618. The Court held that while expert testimony on gang culture generally was admissible, the witness "veered into objectionable territory when he opined that Bynum had acted in conformity with his gang membership with regard to the specific crimes in question." *Id*. at 630-631. Specifically, using the gang membership and the character traits associated therewith to describe what the expert saw on the surveillance video was violative of MRE 404(a). See *id.*

Although *Bynum* has several differences from this case,[4] most notably that it analyzed the general provisions of MRE 404(a), rather than the specifics of MRE 404(a)(2), its reasoning is sound and applicable to this case. Just as the *Bynum* Court excluded evidence of a gang's character to show that a gang member acted in conformity with that character during a given incident, I would conclude that evidence of Khogaly's membership in a terror organization (or any violent organization) is not evidence of Khogaly's individual character, let alone conduct in conformity with that character that would suggest he was the first aggressor.

At least one unpublished case from this Court has reached the same conclusion that MRE 404(a)(2) does not permit offering group membership as evidence of character for violence or aggression. *McGowan*, unpub op at 7-8. See also *People v Hawkins*, unpublished per curiam opinion of the Court of Appeals, issued March 30, 1999 (Docket No. 203832), pp 3-4 (affirming trial court decision to exclude testimony that the victim had acted in conformity with a known character trait: carrying a gun; citing approvingly *State v Zamora*, 140 Ariz 338; 681 P2d 921

---

[4] *Bynum* dealt with the general prohibitions on character evidence under MRE 404(a), not the carveout provided in MRE 404(a)(2). Further, *Bynum* addressed the issue through the lens of expert testimony, which is not at issue in this case. Despite these differences, the underlying principle that group character is not evidence of individual character or conduct in conformity with group character on a given day, is sound.

(App, 1984)).[5]  In *McGowan*, this Court affirmed the trial court's decision that evidence of the victim's gang affiliation was not admissible under MRE 404(a)(2).  *McGowan*, unpub op at 7-9.  There, the defendant appealed his convictions for second-degree murder and other charges stemming from a shooting death.  *Id*. at 1-2.  Prior to trial, the court granted the prosecution's motion in limine to exclude evidence of the victim's involvement in a local gang with a reputation for violence.  *Id*. at 2.  This Court affirmed the trial court's finding, relying on *Bynum*'s holding that evidence of gang membership "creates the risk that a jury will reach the impermissible conclusion that a person 'acted in conformity with [his] gang membership with regard to the specific crimes in question.' "  *Id*. at 8, citing *Bynum*, 496 Mich at 630-631 (alteration in *McGowan*).  In *McGowan*, we further observed that the defendant seemingly wanted to "introduce evidence of the victim's gang affiliation for this exact purpose—to demonstrate that the victim was a member of the Zone 8 gang and Zone 8 members are known to be especially violent—and, therefore, the victim acted in conformity with this violence on the day in question."  *McGowan*, unpub op at 8.  We concluded that the trial court correctly recognized this problem and excluded any reference to the victim's gang membership.  *Id*. at 8-9.

This reasoning from *Bynum*, which dealt with the general provisions of MRE 404(a), and *McGowan*, which dealt with group membership under MRE 404(a)(2), is sound and applicable to this case, where Jackson seeks not to admit evidence of Khogaly's gang affiliation, but rather, his membership in a terror organization.  When considering the admissibility of the defense's question ("You know that he's a member of a terrorist organization") or even a question tailored more closely to the statement on the dashcam recording (i.e., "[H]e's flagged as being part of a possible terrorist organization"), we must consider the purpose for which it is offered.  MRE 404(a) and *Bynum* indicates that such questioning is prohibited under MRE 404(a), and *McGowan* persuades me that such questioning is also prohibited under MRE 404(a)(2), whether the line of questioning expected direct evidence of character for violence, or was a foundational question leading to evidence of character for violence.

First, if the question was not foundational, but rather direct evidence of character for violence or aggression, the questioning and related inferences are too attenuated to fit within the niche exception to prohibitions on character evidence that MRE 404(a)(2) provides.  On its own the question invites a juror to conclude (1) that all terrorist organizations are violent (a reasonable enough inference if we put aside that we still do not know what "possible terrorist organization" Khogaly was "flagged" as being a part of); (2) that an organization imbues any member with the

---

[5] In *People v Hawkins*, we affirmed the trial court's exclusion of testimony that the victim acted in conformity with a known character trait: carrying a gun.  *Hawkins*, unpub op at 3-4.  We ultimately held "that carrying a gun may be *evidence* of an underlying character trait, but is not a character trait itself," finding it more akin to acts or habit.  *Id*. at 4.  In reaching this conclusion, this Court acknowledged the dearth of case law in this area and relied on *State v Zamora*, an Arizona Court of Appeals case, as persuasive authority.  *Id*., citing *Zamora*, 140 Ariz at 338.  There, the court upheld the exclusion of evidence of the victim's gang membership under the Arizona counterpart to MRE 404(a)(2), concluding that such evidence "was not relevant to whether the victim had an *aggressive character*, and that such evidence would be properly classified as *prior acts* rather than as a character triat."  *Hawkins*, unpub op at 4, citing *Zamora*, 140 Ariz at 341.

character of the organization; (3) that Khogaly's membership in a possible terrorist organization imbued him with a character for violence; and (4) that once imbued with a character for violence associated with the organization, he likely was the aggressor with Jackson on the day Jackson shot him. *Bynum* prohibits this sort of derivative character evidence, and I would read that prohibition as extending to MRE 404(a)(2) as we did in *McGowan*.

Second, if the question was merely foundational—a lead-up to questions about Khogaly's individual character—then it was completely unnecessary. The defense did not need to establish Khogaly's membership in a suspected terrorist organization in order to ask his cousin whether Khogaly individually had a violent character. Counsel could have just asked the question. Without more,[6] defense counsel's questions were unnecessary or irrelevant to the issue of character.

Finally, the admissibility of this line of questioning tests the limits of the fundamental function of our rules of evidence: reliability. See *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012) (noting that Michigan's rules of evidence are "designed to assure both fairness and reliability in the ascertainment of guilt and innocence") (quotation marks and citations omitted). Put simply, whether Khogaly was a member of a terror organization has limited bearing on his individual character for violence let alone his conduct in conformity with that character on the day of his killing.

I would conclude that the trial court's initial determination, that this line of questioning was impermissible, was correct. I would affirm for this reason in addition to the majority's analysis of MRE 403, with which I agree.

/s/ Noah P. Hood

---

[6] I acknowledge the possibility that there may be cases where one's group membership or adherence to hateful or violent ideology may be otherwise relevant and admissible. For example, if there were other evidence that the confrontation in this case was a result of Khogaly acting based on ideology related to a terrorist organization (i.e., an Islamic terrorist engaging in an act of violence for purported religious motivations, or a Klansman engaging in an act of violence based on race), such evidence may be admissible under other provisions within the Michigan Rules of Evidence. It is not admissible under MRE 404(a)(2).