667 P.2d 241
**STATE of Arizona, Appellee,**

v.

**Larry TOWNS, Jr. and Richard David Roy, Appellants.**

**No. 1 CA-CR 6167.**

Court of Appeals of Arizona,
Division 1, Department B.

July 7, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Thomas A. Moran, Yuma, for appellants.

## OPINION

GRANT, Judge.

On November 6, 1980, appellants, Larry Towns, Jr. and Richard David Roy, while incarcerated in the Yuma County jail, assaulted a fellow inmate by hitting and kicking him repeatedly. They struck him with a mop handle and when he fell to the floor, they climbed onto one of the bunks and jumped onto his face. As a result of the assault, the victim sustained multiple lacerations, a fractured nose and was hospitalized for surgery to remove a blood clot which was obstructing his breathing. Appellants were tried *in absentia* to a jury and convicted of aggravated assault causing serious physical injury, a class 3 felony in violation of A.R.S. §§ 13–1203 and 13–1204(A)(1). Because the charging document alleged that the crime was a dangerous nature felony, appellants were sentenced under the enhanced punishment provisions of A.R.S. § 13–604(G) and both were given the enhanced presumptive terms of 7.5 years imprisonment.

Appellants appealed their convictions and sentences to this court. The convictions were affirmed but the sentences were reversed and the case remanded for resentencing because the jury's verdict of aggravated assault, which could have been based upon reckless conduct, did not necessarily include a determination of dangerousness as required by A.R.S. § 13–604(K).[1] In substance, appellants were to be sentenced solely on the convictions of aggravated assault, class 3 felonies, which carried presumptive sentences of five years imprisonment.

On remand the trial court found that there were aggravating circumstances which called for greater than presumptive sentences and therefore enhanced punishment for the class 3 felonies to 7.5 years imprisonment pursuant to A.R.S. § 13–702. The findings in support of the aggravated sentences included the fact that appellant Roy had one prior felony conviction, that appellant Towns had two prior felony convictions and that, in the trial court's opinion, appellants had intentionally inflicted serious physical injury. In the current appeal, appellants claim that because the grounds for the trial court's finding of aggravation existed when the original presumptive sentences were imposed, the aggravated sentencing under A.R.S. § 13–702 was a judicial penalty for their exercising their right to appeal and was therefore in violation of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We disagree.

Inherent in appellants' argument is the premise that appellants received a harsher sentence for the same offense on resentencing. This is based upon the fact that they have now received an aggravated sentence under A.R.S. § 13–702 where they previously received a presumptive sentence under A.R.S. § 13–604(G). By relying on *Pearce,* appellants are apparently claiming that there is a due process violation even though the actual sentences of 7.5 years imprisonment were imposed in both instances. A similar argument was made in *State v. Mincey,* 130 Ariz. 389, 636 P.2d 637 (1981). There, appellant had first been tried and convicted of first degree murder and sentenced to a term of 25 years to life imprisonment. This conviction was reversed on appeal. After retrial, Mincey was convicted of second degree murder and was again sentenced to a term of 25 years to life imprisonment. He claimed that by receiving the same sentence for a lesser crime, there was a due process violation analogous to that in *Pearce* which raised a presump-

---

1. *State v. Towns/Roy,* 1 CA–CR 5213, Memorandum Decision filed April 8, 1982.

tion of judicial vindictiveness. The court rejected this argument relying upon rule 26.14, Rules of Criminal Procedure, 17 A.R.S., which embodies the *Pearce* standards for sentencing upon retrial or resentencing. The Rule states, in pertinent part, that "the court may not impose a sentence for the same offense, or a different offense based on the same conduct, which is more severe than the prior sentence . . . ." The court found that a harsher sentence had not in fact been imposed for the same conduct and therefore, found no due process violation.

■ In the present case, as in *Mincey,* because there has been no increase in the actual sentence given, we find no due process violation. Additionally, the argument presented by appellants reflects a misunderstanding of Arizona's sentencing scheme.

■ Appellants were convicted of class 3 felonies which carry presumptive sentences of five years imprisonment. A.R.S. § 13–701. The Arizona legislature has created a mandatory enhanced sentence from this presumptive sentence where the state alleges and the fact finder determines that there has been an intentional infliction of serious physical injury. A.R.S. § 13–604(K). While the trial court may use this same factor under A.R.S. § 13–702 to enhance the sentence beyond that provided by the legislature, *State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980), it is not required to do so.

■ Here, when the trial judge originally imposed the "presumptive" 7.5 year sentence under A.R.S. § 13–604(G), he did so under the presumption that the mandatory legislative enhancement for the intentional infliction of serious physical injury was a valid sentence. The judge considered this to be an appropriate punishment for this particular crime and these offenders. When this court set aside the sentences for noncompliance with A.R.S. § 13–604(K), the trial court's presumption was no longer valid. On resentencing the trial court merely considered the intentional infliction of serious physical injury as an aggravating

factor under A.R.S. § 13–702 which it previously presumed was considered under A.R.S. § 13–604(G). In substance, this court's remand was an intervening judicial decision which permitted the trial court to list the factor as an aggravating circumstance on remand. *Cf., State v. Gretzler,* 135 Ariz. 42, 659 P.2d 1 (1983). The same 7.5 years imprisonment was imposed again reflecting the trial court's belief that these sentences were appropriate punishment for this particular crime and these particular offenders.

Because we find that it was proper for the trial court to consider the intentional infliction of serious physical injury as an aggravating factor under A.R.S. § 13–702, we need not decide whether it was improper for the court to consider the prior convictions as aggravating circumstances where these convictions were in existence and apparently available to the prosecutor at the original sentencing.

■ At the time of resentencing, appellants were both still fugitives from justice and therefore were again sentenced *in absentia.* This practice has now been held improper in *State v. Fettis,* 136 Ariz. 58, 664 P.2d 208 (1983). Although the case is given prospective application only, we must apply the holding to the defendants in this case as this appeal was pending at the time *State v. Fettis* was filed. *State v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1983). *State v. LeMaster,* 1 CA–CR 5881 (Supplemental Opinion filed June 2, 1983).

The sentences are set aside, and the case is remanded to the trial court for resentencing at such time as the defendants are present before the sentencing judge.

FROEB, P.J., and GREER, J., concur.