UNITED STATES of America,
Plaintiff/Appellee,

v.

John OSIF, Defendant/Appellant.

No. 85–1223.

United States Court of Appeals,
Ninth Circuit.

Submitted* April 15, 1986.

Decided May 20, 1986.

Roger Dokken, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff/appellee.

Bruce Feder, Phoenix, Ariz., for defendant/appellant.

Before WALLACE, FARRIS and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

John Osif appeals his conviction for second degree murder pursuant to a plea agreement that provided for a fifteen year sentence. Before this plea, Osif was tried and convicted of first degree murder. On appeal his conviction was reversed, 753 F.2d 1085. Prior to the initial trial, the government offered Osif a plea agreement with a ten year sentence for second degree murder which Osif rejected. Osif claims he is now entitled to the ten year sentence pursuant to the originally offered plea agreement.

At issue is whether the district court erred in (1) not requiring the government to reoffer a previously rejected plea offer

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

and (2) failing to find vindictiveness in the government's refusal to reoffer its original plea agreement after Osif successfully appealed his conviction. While the standard of review in a vindictive prosecution case is not clear in this circuit,[1] we would reach the same result in this case regardless of our standard of review.

■ First, we note that a defendant does not have a constitutional right to a plea bargain, *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977), nor, when he rejects a plea, can he later object to the government's decision to proceed to trial on the counts originally charged. See *Bordenkircher v. Hayes*, 434 U.S. 357, 365, 98 S.Ct. 663, 669, 54 L.Ed.2d 604 (1978); *United States v. Herrera*, 640 F.2d 958, 962 (9th Cir.1981) (dictum). See also *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Further, in *Bordenkircher v. Hayes*, 434 U.S. at 364, 98 S.Ct. at 668, the Supreme Court held that the government could, as part of a plea negotiation, inform the defendant of its intention to reindict him on a more serious charge if he refused to plead guilty to the charge contained in the original indictment. The government is thus under no obligation to reoffer an agreement that was previously rejected[2] and Osif has no right to the plea agreement that he was originally offered.

■ Turning to Osif's claim of vindictiveness, the vindictive prosecution doctrine does not apply when neither the charge's severity nor the sentence is increased. *United States v. Brooklier*, 685 F.2d 1208, 1215 (9th Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1194, 75 L.Ed.2d 439 (1983);

*United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir.1982). Here, neither the sentence nor the charge was increased. Rather, the government merely refused to reoffer, after an intervening conviction for first degree murder, as lenient a bargain as was previously rejected by Osif prior to trial.

■ Further, vindictiveness is not present if there are independent reasons or intervening circumstances to justify the prosecutor's action. *Gallegos-Curiel*, 681 F.2d at 1168; see *Texas v. McCullough*, — U.S. ——, 106 S.Ct. 976, 981, 89 L.Ed.2d 104 (1986). Osif's intervening first degree murder conviction, despite its reversal because of the trial court's refusal to instruct the jury to consider the lesser-included offense if the jury was unable to reach a verdict on the greater offense as required under *United States v. Jackson*, 726 F.2d 1466 (9th Cir.1984), is an intervening circumstance that properly could cause the prosecutor to view a new plea offer in a different light. Under any standard of review, we cannot find government vindictiveness.

AFFIRMED.

---

1. As we noted in *United States v. Gann*, 732 F.2d 714 (9th Cir.), cert. denied, — U.S. ——, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984), the standard of review is not settled: "Some cases have suggested an abuse of discretion standard, while others deem the issue to be one of mixed law and fact, calling for the application of the clearly erroneous standard." Id. at 724 (citations omitted). *United States v. Martinez*, 785 F.2d 663, 666 (9th Cir.1986), concluded that the proper standard was de novo review.

2. Although Osif relies on *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and their progeny to argue that there is such an obligation, his reliance is misplaced. Osif was neither resentenced to a greater sentence after a successful appeal nor reindicted on a more serious charge after asserting a constitutional right.