**UNITED STATES of America, Plaintiff,**

v.

**Joseph P. EASTLAND, Defendant.**

**No. 87 CR 0948.**

United States District Court,
N.D. Illinois, E.D.

April 24, 1990.

Lisa Huestis, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Carol A. Brook, Federal Defender Program, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On September 30, 1988, Joseph P. Eastland entered a plea of guilty to one count of bank robbery, 18 U.S.C. 2113(a). We held that the Federal Sentencing Guidelines ("Guidelines") were unconstitutional and sentenced Eastland to 9 years imprisonment.[1]

When the Supreme Court subsequently upheld the constitutionality of the Guidelines, *United States v. Mistretta*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the government moved for a reconsideration of Eastland's sentence. Eastland has challenged this motion under the doctrine of prosecutorial vindictiveness. According to Eastland, while the government has sought to resentence him pursuant to the standards of the Guidelines, and thereby increase his sentence, it has not sought to do so for similarly situated defendants.

We referred this issue to Magistrate W. Thomas Rosemond Jr. to permit discovery, conduct a hearing and file a Report and Recommendation on the issue. Magistrate Rosemond stated that the doctrine of prosecutorial vindictiveness was inapplicable to the facts alleged by Eastland. Therefore, he concluded that discovery was unnecessary.

Magistrate Rosemond's conclusion rests on the premise that the doctrine of prosecutorial vindictiveness can only be raised to challenge the government's decision to bring particularly harsh charges against a defendant. We disagreed with this premise when we referred this matter to the Magistrate and continue to so disagree. It is true that claims of prosecutorial vindictiveness arise most frequently in contexts where it appears that the government has singled out a particular individual for prosecution. *See, e.g., United States v. Jarrett*, 705 F.2d 198, 205 (7th Cir.1983).

---

1. Under the Guidelines, Eastland's sentencing range is 210 to 262 months with no parole.

However, the doctrine extends beyond the parameters suggested by Magistrate Rosemond.

Due process of law requires that there be no vindictiveness against a defendant for having chosen to exercise his constitutional rights. *U.S. v. Whaley*, 830 F.2d 1469, 1477 (7th Cir.1987), *citing North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). "The government may not penalize an individual for exercising a protected statutory or constitutional right." *U.S. v. Napue*, 834 F.2d 1311, 1329 (7th Cir.1987), *citing United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Thus, a defendant may level a due process challenge at prosecutorial conduct which was taken in retaliation for the exercise of his constitutional rights. Conduct open to challenge is not limited to the government's decision to charge a defendant with certain offenses. Indeed, courts have recognized that the doctrine of prosecutorial vindictiveness may apply when the government seeks to increase an individual's prison sentence. *See, e.g., United States v. Osif*, 789 F.2d 1404, 1405 (9th Cir.1986). Therefore, we concluded that an attempt to resentence motivated by a desire to retaliate for a defendants' exercise of constitutional rights may rise to the level of a due process violation. The fact that other defendants eligible for resentencing under the Guidelines after *Mistretta* were not resentenced, whereas Eastland, the name defendant who challenged the Guidelines, has been singled out by the government for resentencing, may very well be indicia of vindictive motivation. For this reason, we concluded that discovery was necessary to determine whether there is evidence of dissimilar treatment of other defendants eligible for resentencing under *Mistretta* and, if so, whether the government's request to resentence Eastland is vindictive.

The government advances three primary arguments in support of the proposition that discovery is unnecessary. However, none of these arguments obviates the necessity for discovery.

First, the government argues that its action is beyond scrutiny because it was within the legitimate power of its office to seek resentencing. However, the legitimacy of the government's conduct is not relevant to the issue of whether this conduct was vindictive. Vindictive prosecution always arises under circumstances where the prosecution is acting within the scope of its legitimate power. The issue is not whether the exercise of power is legitimate, but whether the choice to exercise the power in a particular case is improperly motivated. *See, e.g., Adamson v. Ricketts*, 865 F.2d 1011, 1018 (9th Cir.1988).

Similarly, the second and third arguments advanced by the government do not trump Eastland's request for discovery. The government states that we should presume that it did not act vindictively because it had instituted legitimate procedures to determine which defendants should be resentenced. (Elden Affidavit). The government also argues its motivations were pure because it sought resentencing after *Mistretta* of *certain other* defendants. We acknowledge that these facts are relevant to the question of whether the government acted vindictively when it sought to resentence Eastland. However, those cases in which the government did *not* seek to resentence defendants would illuminate the government's motivation as brightly as those cases in which it sought a new sentence.

We refer this matter to Magistrate Rosemond to permit and supervise discovery on the issue of prosecutorial vindictiveness. Eastland has already proposed significant discovery. We leave the propriety of these specific requests for Magistrate Rosemond's consideration. It is so ordered.