**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert J. KINSEY, Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph KINSEY, Defendant–Appellant.**

**Nos. 92–10013, 92–10014.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 1992.

Decided June 2, 1993.

---

Candace A. Fry, Sacramento, CA; Glenn M. Kottcamp, Nevada City, CA, for defendants-appellants.

Miguel Rodriguez, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

Before NORRIS, BEEZER and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The Kinseys were sentenced in 1987. Errors were made, both for and against their interests, in the structure of the sentences. In 1991, the Kinseys sought to correct the illegalities in their sentences which were against their interests, so the government sought to correct the illegalities which favored the Kinseys. The court corrected all the errors, leaving the Kinseys in the same position, with regard to duration of imprisonment, as they were before the illegalities were corrected, and as they would have been had they been sentenced correctly in the first place. The Kinseys appeal on the ground that the double jeopardy clause and the prohibition of vindictive prosecution bar the correction of the illegalities which had favored them. We affirm.

## I.  Facts.

In 1987, the Kinseys had been convicted of conspiracy to distribute cocaine base and possession with intent to distribute, under 21 U.S.C. §§ 841(a)(1) and 846. They were sen-

tenced to twenty years imprisonment for conspiracy, and suspended sentences with five years probation for possession. The probation was to commence when they were released from the confinement imposed on the conspiracy counts. The Bureau of Prisons interpreted the conspiracy sentences as meaning that the Kinseys were not eligible for parole. Thus the net practical effect was twenty years to serve, no parole, followed by five years of probation.

These sentences were illegal in two respects. First, the twenty years for conspiracy did not allow for parole eligibility, at least as interpreted by the Bureau of Prisons.[1] Had the illegality in the conspiracy sentences but not the possession sentences been corrected, the practical effect would have been parole eligibility after one third of the twenty years under former 18 U.S.C. § 4205(A), followed by five years of probation. But the minimum legal sentence available to the court for the possession convictions was twenty years to serve, no parole, followed by ten years of supervised release.

The Kinseys had appealed their convictions and sentences, but not on these issues.[2] The Kinseys took no action in 1987 to have the illegalities repaired. Nor did the government. The government, in 1987, had been satisfied with the practical effect of the sentences as interpreted by the Bureau of Prisons, twenty years to serve, no parole, followed by five years probation.

Subsequent to the affirmance on direct appeal, though, the Kinseys began filing various motions[3] to repair the illegality which denied them parole eligibility on the conspiracy sentences. The attorneys for the government warned them that if they insisted on having that error corrected, then the government would seek correction of the other error—namely, the failure to impose twenty years to serve, no probation, no parole, for possession with intent to distribute. Both sides proceeded, and both errors were corrected. The amended judgment provides for twenty years imprisonment with eligibility for parole for conspiracy, and twenty years imprisonment followed by ten years[4] supervised release, with no parole eligibility, concurrent to the conspiracy sentences, for possession. This is the minimum sentence which could legally have been imposed in 1987.

## II. Analysis.

### A. Vindictive Prosecution.

■ The Kinseys argue that, because the government's motions to correct the illegalities were in response to theirs, the increases in the possession sentences should be vacated on account of vindictive prosecution. But the doctrine of vindictive prosecution does not apply, when, as here, there has been no increase in the severity of the charge or the sentence imposed. *United States v. Parker,* 991 F.2d 1493, 1499 (9th Cir.1993); *United States v. Osif,* 789 F.2d 1404, 1405 (9th Cir. 1986).[5]

---

1. We do not adjudicate whether the sentences were illegal, because the parties so stipulate. As they have explained the illegalities, the defect in the conspiracy sentence, as interpreted by the Bureau of Prisons, was that it barred parole eligibility; under the version of 21 U.S.C. § 846 in effect at the time of sentencing, the conspiracy sentences could not legally bar parole eligibility. The defect in the possession sentences was that they were suspended and the defendants put on probation for five years after their release from the conspiracy imprisonment; under 21 U.S.C. § 841(b)(1)(A), the defendants had to be sentenced to twenty years to serve, with no suspension, probation or parole eligibility.

2. *United States v. Kinsey,* 843 F.2d 383 (9th Cir.), *cert. denied,* 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 916 (1988).

3. In the Eastern District of California, Albert Kinsey filed two petitions for writs of habeas corpus under 28 U.S.C. § 2255 and one motion to correct his sentence under Fed.R.Crim.P. 35. Joseph Kinsey also filed a Rule 35 motion to correct his sentence in the Eastern District. These motions all were resolved by the district court's correction of the Kinseys' sentences.

4. No party has asked us to consider the change from five years probation to ten years supervised release, so we do not.

5. The standard of review for claims of vindictive prosecution is unsettled in this circuit. *Guam v. Fegurgur,* 800 F.2d 1470, 1472 (9th Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Abuse of discretion and clear error standards have been applied in various cases, and a de novo standard was used to

■ The prosecutor did not raise the stakes in order to deter the Kinseys from pursuing their right to have the illegality in the conspiracy sentence corrected. *Cf. Blackledge v. Perry*, 417 U.S. 21, 25, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628 (1974) (changing a misdemeanor to a felony charge to deter appeal). The stakes were the same all along, twenty years to serve without parole eligibility. The circumstances here, correction of an illegality with no net impact, do not suggest a vengeful or retaliatory motive, as connoted by vindictive prosecution. Here, the two legs of the sentence were both the wrong length, but as applied by the Bureau of Prisons, the sentence had substantially the same practical effect as a legal sentence. As it stood in 1987, the government could reasonably regard repair of the illegality as an academic exercise without practical value. If one leg were fixed but not the other, the sentence still could not stand as a legal sentence, and would also not have the practical equivalence to a legal sentence which it had when both legs were wrong. Fixing one leg required fixing the other in order to keep the sentence practically the same as well as to allow it to stand as a legal sentence.

■ Since increased punishment was not sought or imposed, the predicate for considering whether there was an appearance of vindictiveness was not established. *Cf. United States v. Gallegos–Curiel*, 681 F.2d 1164 (9th Cir.1982). That the prosecutor's action would not have been taken but for the defense exercise of a right does not suffice to establish vindictiveness. *Id.* at 1168.

B. Double jeopardy.

The Kinseys argue that resentencing them on the possession counts, changing five years probation to twenty years imprisonment without parole, violated the double jeopardy clause. The facts are not disputed, so we review this double jeopardy claim de novo. *United States v. Lun*, 944 F.2d 642, 644 (9th Cir.1991). We reject the argument, because the Kinseys had no reasonable expectation of finality for the possession sentences.

■ Correction of an error to make a sentence comply with the statute does not automatically amount to double jeopardy, even though the legal sentence exceeds the previously imposed illegal sentence. *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). An illegal sentence may be raised as a consequence of appeal, even though service of the sentence has already commenced, because the defendant could acquire no expectation of finality in an illegal sentence. *United States v. Kane*, 876 F.2d 734, 736 (9th Cir.), *cert. denied*, 493 U.S. 861, 110 S.Ct. 173, 107 L.Ed.2d 130 (1989). That the correction was made in the case before us on a post-appeal motion for correction rather than direct appeal makes no difference. If an illegality in the sentence exists, then "a defendant is charged with knowledge that it can be corrected under Fed.R.Crim.P. 35." *Id.* at 737.

■ The government delayed for four years in moving to correct the sentence, doing so only when forced by the defendants' motions to take action to protect the twenty year sentence.[6] We do not decide that such a delay in seeking correction could never make a difference. *Cf. Breest v. Helgemoe*, 579 F.2d 95, 101 (1st Cir.), *cert. denied*, 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978). But in this case, the corrections to both legs of the sentence made no practical difference to the date when the Kinseys would be released from prison. The government sought the correction because the one correction without the other would turn the sentence from one with the same practical effect as a legal sentence, to one much more lenient. It had little reason to seek correction earlier, when the practical effect of the sentence was that the Kinseys would serve twenty years

settle the mixed question of law and fact in *United States v. Martinez*, 785 F.2d 663, 665 (9th Cir.1986). Regardless of which standard is applied, we reject the argument in this case.

**6.** The Kinseys argue that they did not move for a correction of their sentence, just a directive to the Bureau of Prisons to interpret the original

sentence correctly to allow for parole eligibility on the conspiracy sentence. But their motion was pursuant to the old version of Fed.R.Crim.P. 35(a), for "correction" of sentence, and they sought new words on the judgment in order to obtain the interpretation they desired.

less good time, followed by supervision, as with a legal sentence. In the circumstances of this case, the Kinseys had no legitimate expectation which was disrupted by the correction.

Nor was this a case where the court should have corrected the illegal part of the sentence, but·left the legal part alone. *Cf. United States v. Jordan,* 895 F.2d 512, 514 (9th Cir.1989); *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir.1964). The original sentences had no legal parts. Both parts were illegal. Nor in this case had the Kinseys completed their illegal sentences and been released from prison, giving them a more settled expectation in the finality of those sentences. *Cf. Kennedy,* 330 F.2d at 27; *United States v. Arrellano–Rios,* 799 F.2d 520, 523 (9th Cir.1986). The Kinseys' challenge came at a time when they had not fully served their sentences, and were not yet eligible for parole, even under the illegally lenient sentence imposed.

The only change imposed on the Kinseys to their detriment by the correction was that the supervision to follow the twenty years of imprisonment was changed from five years probation to ten years of supervised release. This change was required to make the sentences legal. The Kinseys have not argued that this change, in itself, is so disruptive of settled expectations as to entitle them to the less burdensome illegal sentence of five years probation, or no post-release supervision, under the double jeopardy or due process clauses. Their briefs address parole eligibility, or the lack of it, on the twenty years of imprisonment. The ten years of supervised release is in some respects more, and in some less onerous, than five years of probation, so this may have been a carefully made strategic judgment by the Kinseys. We therefore do not reach the issue of whether the correction of five years probation to ten years supervised release would itself give rise to a double jeopardy or due process claim.

AFFIRMED.