48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Aaron HICKS, Defendant-Appellant.
 No. 93-30269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aaron Hicks appeals his conviction following a jury trial for various drug offenses. Hicks argues that the prosecutor acted improperly by offering Hicks a package deal plea bargain with Hicks' father. Hicks also argues that the district court should have ordered a mistrial after the defendants' outbursts at trial. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 This case involved seventeen defendants, including Hicks and his father, Aaron Beard. The government entered plea agreement with twelve defendants and discharged three others. The government offered Hicks a plea bargain, which Hicks accepted; however, at the change of plea hearing, Hicks decided not to plead guilty. A trial was set for Hicks and Beard. On the morning of trial, Hicks inquired whether the plea offer was still open. The prosecutor would agree to a plea only if Beard also pleaded guilty. Beard refused to plead guilty. The trial proceeded. Beard was acquitted. Hicks was convicted on ten of the thirteen charges.
 
 
 4
 Hicks argues that the prosecutor abused his authority by offering a package deal plea agreement because Hicks was placed in the position of coercing his father into a guilty plea in order to benefit from the plea agreement. A package deal plea agreement is permissible, provided the court carefully examines the voluntariness of the plea in light of possible coercion from co-defendants. United States v. Caro, 997 F.2d 657, 659 (9th Cir.1993). Thus, the prosecutor did not commit misconduct by offering the package deal. Moreover, because Hicks did not enter a guilty plea on the original offer, the government acted within its discretion to change the terms when Hicks attempted to reopen negotiations on the morning of trial. United States v. Osif, 789 F.2d 1404, 1405 (9th Cir.1986); see also United States v. Savage, 978 F.2d 1136, 1138 (9th Cir.1992) (parties not bound to terms of a plea agreement until the district court accepts it; therefore, government may change the terms unless the defendant detrimentally relied on original offer), cert. denied, 113 S.Ct. 1613 (1993).
 
 
 5
 During trial, Hicks interrupted the testimony of two witnesses, accused them of lying, and used profanity. Beard similarly interrupted a witness. Hicks argues that the outbursts necessitated a mistrial. Because Hicks did not move for a mistrial or request a curative jury instruction, we review for plain error. United States v. Sanchez-Lopez, 879 F.2d 541, 551-53 (9th Cir.1989). The district court has considerable discretion in handling disruptive behavior. United States v. Ives, 504 F.2d 935, 937 (9th Cir.1974), vacated on other grounds, 421 U.S. 944 (1975), on remand, 547 F.2d 1100 (9th Cir.1976), cert. denied, 429 U.S. 1103 (1977). Here, the district court handled the outbursts by instructing the attorneys to control their clients and instructing the defendants to stop the outbursts. We discern no plain error. See United States v. Lewis, 787 F.2d 1318, 1324 (9th Cir.1986) (a co-conspirator's unsolicited comment while testifying did not require a mistrial and defendant had not requested a cautionary instruction), amended, 798 F.2d 1250 (9th Cir.1986); United States v. Rich, 580 F.2d 929, 935-36 (9th Cir.) (outburst by defendant's brother, who had been a witness, did not require mistrial and defendant had not requested a curative jury instruction), cert. denied, 439 U.S. 935 (1978).
 
 
 6
 We do not consider the ineffective assistance of counsel argument because Hicks withdrew it. See United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (ineffective assistance claim should be raised in a 28 U.S.C. Sec. 2255 motion rather than on direct appeal).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3