50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg DAVIS, aka Greg David, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Moises NEGRON, Jr., Defendant-Appellant.
 Nos. 93-50676, 93-50677 and 93-50715.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1995.*
Decided March 3, 1995.
 
 IN PART AND REMANDED.
 
 
 1
 Before: BROWNING, D.W. NELSON, and HAWKINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 * Because the district court's finding that Negron had not been advised of his right to appeal was not clearly erroneous, its finding of excusable neglect for the late filing of Negron's notice of appeal was not an abuse of discretion, see United States v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir.1986), and we have jurisdiction over the appeal.
 
 II
 
 4
 Even assuming the version of 21 U.S.C. Sec. 846 in effect at the time of defendants' offenses did not incorporate the non-paroleability provisions of 21 U.S.C. Sec. 841(b)(1)(A), see United States v. Kinsey, 994 F.2d 699, 701 n. 1 (9th Cir.1993), the district court correctly concluded they were not eligible for parole, because they were sentenced under the sentencing guidelines, not section 846, see United States v. Steward, 16 F.3d 317, 322 (9th Cir.1994). Defendants sentenced under the guidelines are not eligible for parole. See United States v. Paskow, 11 F.3d 873, 878 (9th Cir.1993).
 
 III
 
 5
 The parties agree it was error for the district court to conclude that an acceptance of responsibility reduction is unavailable as a matter of law to any defendant who chooses to plead not guilty and stand trial. See U.S.S.G. Sec. 3E1.1(b) & cmt. 2 (Jan. 1988); United States v. McKinney, 15 F.3d 849, 852 (9th Cir.1994). In view of this error, the government does not object to a remand. Therefore, we remand to the district court for the limited purpose of making findings as to whether the defendants have accepted responsibility, and for resentencing if appropriate. See United States v. Sitton, 968 F.2d 947, 963 (9th Cir.1992). We retain jurisdiction over the appeal and request the district court to make the necessary findings within 30 days and provide those findings to this court.
 
 
 6
 AFFIRMED in part and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3