107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Dean RODGERS, Defendant-Appellant.
 No. 95-50349.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Sept. 19, 1996.
Submitted Oct. 4, 1996.
Decided Feb. 7, 1997.
 
 1
 Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jimmy Dean Rodgers ("Rodgers") pled guilty to two counts of drug trafficking. He chose to go to trial on a third count under 18 U.S.C. § 924(c) for using a firearm in connection with the drug trafficking crimes, and was convicted. Rodgers appealed his conviction. The government has conceded that under Bailey v. United States, 116 S.Ct. 501 (1995), the § 924(c) conviction should be vacated. We vacate Rodgers' § 924(c) conviction and remand for resentencing.
 
 
 4
 Rodgers argues that a remand for resentencing would violate the Double Jeopardy Clause, would amount to vindictiveness, and would not be "just under the circumstances" under 28 U.S.C. § 2106.
 
 
 5
 Resentencing does not violate the Double Jeopardy Clause when Rodgers has placed the sentence at issue and the sentence has not been completely served. United States v. Caterino, 29 F.3d 1390, 1397 (9th Cir.1994). Nor does the government's request for resentencing amount to vindictiveness. The government has stated that it will not seek a higher sentence than the original sentence, and that the need for resentencing was not precipitated by a flawed tactical decision, but by an intervening change in the law. See United States v. Kinsey, 994 F.2d 699, 701-702 (9th Cir.1993).
 
 
 6
 Remand is just under the circumstances of this case. 28 U.S.C. § 2106. Following Rodgers' arrest for possession of methamphetamine, the police executed a validly issued search warrant on a storage locker maintained by Rodgers. In the storage locker, the officers found a safe containing additional methamphetamine and an Uzi semi-automatic firearm. Absent the § 924(c) conviction, Rodgers was and is subject to an enhancement under U.S.S.G. § 2D1.1(b)(1) based upon his possession of the firearm.
 
 
 7
 Rodgers' conviction for a violation of 18 U.S.C. § 924(c) is VACATED and the case is REMANDED FOR RESENTENCING on the remaining counts.
 
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3