552

Alfonso MENDEZ CORONA,
Petitioner–Appellant,

v.

Gail LEWIS, Warden; Attorney General of the State of California,
Respondents–Appellees.

No. 00–55199.

D.C. No. CV–99–06780–GHK.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

·MEMORANDUM **

California state prisoner Alfonso Mendez Corona appeals pro se the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 14–year sentence imposed after being found guilty by a jury of one count of assault with a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo the district court's denial of a 28 U.S.C. § 2254 habeas petition. *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000). Because the Anti–Terrorism and Effective Death Penalty Act of 1996 applies, *see* 28 U.S.C. § 2254(d), Corona must demonstrate that the state court adjudication of the merits of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000) (defining "unreasonable application" as involving situations where the state court has committed clear error).

Corona contends that the trial court violated his due process rights when it declined to allow him to enter into a plea agreement with the government. This contention lacks merit.

The constitution does not require enforcement of a plea agreement unless and until the agreement is embodied in the judgment of the court. *Mabry v. Johnson,* 467 U.S. 504, 507, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *see United States v. Osif,* 789 F.2d 1404, 1405 (9th Cir.1986) (concluding that when a defendant rejects a plea, he cannot object to the prosecutor's decision to proceed to trial on the charged counts). Because the record shows that Corona rejected the government's plea offer before the trial court was given an opportunity to accept the plea, the district court correctly determined that the California Court of Appeals' decision affirming the trial court was neither contrary to nor an unreasonable application of clearly established law. *See* 28 U.S.C. § 2254(d)(1); *Van Tran,* 212 F.3d at 1149.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.