**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernardo ARROYO, Defendant–
Appellant.**

No. 99–10298.

D.C. No. CR–96–05275–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 18, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Bernardo Arroyo appeals his conviction and sentence for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Arroyo contends, for the first time on appeal, that his conviction should be reversed, under *United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000), *overruled in part by United States v. Buckland,* 277 F.3d 1173, 1182 (9th Cir.2002) (en banc), because the government failed to submit and prove drug quantity at trial. We review for plain error, *see Nordby,* 225 F.3d at 1060, and conclude that any error was harmless because Arroyo's sentence did not exceed the twenty-year statutory maximum penalty as determined under the facts found beyond a reasonable doubt by the district court. *See United States v. Antonakeas,* 255 F.3d 714, 728 (9th Cir. 2001).

Arroyo also contends, for the first time on appeal, that he was subjected to vindictive prosecution because the government's post-trial sentence recommendation was higher than the one in its pretrial offer. Arroyo's contention must fail, however, because "[t]he doctrine of vindictive prosecution does not apply, when there has been

---

no increase in the severity of the charge or the sentence imposed." *See United States v. Kinsey,* 994 F.2d 699, 701 (9th Cir.1993).

Arroyo has conceded that the government did not threaten to or actually file additional charges, and, in fact, dismissed all but two counts in the indictment before trial. Moreover, the record shows that, despite the government's sentencing argument, the district court decreased the recommended offense level by two, lowered Arroyo's criminal history category from IV to III and imposed a sentence at the low end of the resulting Guideline range. Because increased punishment was not sought or imposed, the predicate for considering whether there was an appearance of vindictiveness was not established. *See id.* at 702. *See also, United States v. Osif,* 789 F.2d 1404, 1405 (9th Cir.1986).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.