NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TYLER RAY BALLI, *Appellant.*

No. 1 CA-CR 20-0502
FILED 7-8-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201800084
The Honorable Richard D. Lambert, Judge

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

**G A S S**, Judge:

¶1          Tyler Ray Balli appeals his sentence for burglary in the first degree following a resentencing. Because Balli has shown fundamental error and prejudice, we vacate the sentence and remand for resentencing consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶2          Balli was convicted after a jury trial of burglary in the first degree and aggravated harassment. The superior court found the burglary count to be a dangerous offense and sentenced Balli to a slightly mitigated term of 9 years in prison to run concurrent with the 1-year aggravated harassment sentence. On appeal, this court affirmed Balli's convictions and the aggravated harassment sentence. *State v. Balli*, 1 CA-CR 18-0904, 2020 WL 1274612, at *1, ¶ 1 (Ariz. App. Mar. 17, 2020) (mem. decision). This court then vacated and remanded the burglary sentence because a jury did not make a separate dangerousness finding and burglary in the first degree—as charged in this case—is not an inherently dangerous offense. *Id.* at *9, ¶¶ 38–39.

¶3          At resentencing, the State urged the superior court to impose the same sentence of 9 years in prison. The superior court found 2 aggravators—the victim was over 65 years old and a prior felony conviction within the past 10 years—and no mitigators, and resentenced Balli as a first-time offender to an aggravated term of 9 years. Balli timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, and 13-4033.A.

## ANALYSIS

### I.     Aggravated Sentence

¶4          Balli argues the superior court erred by sentencing him to an aggravated term of imprisonment when no aggravators were proven to a

factfinder. *See Blakely v. Washington*, 542 U.S. 296, 301–05 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

**¶5** Because Balli failed to object below, he bears the burden to prove fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Under fundamental-error review, the defendant must establish an error exists and the error was fundamental by showing: "(1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). If the defendant establishes fundamental error under prongs 1 or 2, the defendant also must show prejudice. *Id.*

**¶6** When a judge, not a jury, applies improperly considered aggravators to enhance a defendant's sentence, the error goes to the foundation of the case. *Henderson*, 210 Ariz. at 568, ¶ 25. The State concedes fundamental error. We must only determine if Balli has demonstrated prejudice.

**¶7** Prejudice exists if, absent the improperly considered aggravating factors, the superior court "could have reasonably imposed a lighter sentence." *State v. Trujillo*, 227 Ariz. 314, 318, ¶ 16 (App. 2011); *see State v. Hardwick*, 183 Ariz. 649, 656–57 (App. 1995) ("When a trial court relies on both proper and improper factors in aggravating a sentence, this court will uphold its decision only [when] the record clearly shows the trial court would have reached the same result even without consideration of the improper factors.") (citation omitted) (internal quotation marks omitted). When "deprived . . . of the opportunity to require that a jury find facts sufficient to expose him to an aggravated sentence, [the defendant] must show that a reasonable jury, applying the appropriate standard of proof, could have reached a different result than did the trial judge." *Henderson*, 210 Ariz. at 569, ¶ 27. Determining prejudice "involves a fact-intensive inquiry." *Id.* at 568, ¶ 26.

**¶8** First, the sentencing judge, not the jury, found the victim's age—over 65 years old—was an aggravating factor. *See* A.R.S. § 13-701.D.13. The evidence at trial was undisputed: the victim was 83 years old. Balli does not contest this point. *See State v. Angulo-Chavez*, 247 Ariz. 255, 260, ¶ 15 (App. 2019) ("It is not enough to simply assert that the jury could have rejected the state's evidence; [the defendant] must demonstrate that there was evidence upon which a reasonable jury could have based a contrary decision."). No reasonable jury could have failed to find the existence of this aggravator beyond a reasonable doubt.

**¶9** Next, the sentencing judge applied the incorrect standard to determine Balli had a prior felony conviction within the past 10 years. *See* A.R.S. § 13-701.C, .D.11. The State failed to present any evidence at trial or in a presentencing hearing to support the finding. Instead, the superior court based its finding on the criminal history in the presentence report. The State concedes insufficient evidence supported this aggravator and the superior court improperly considered it during sentencing.

**¶10** Absent the prior felony conviction aggravator, we cannot say the record "clearly shows that the trial court would have reached the same result." *Trujillo*, 227 Ariz. at 318, ¶ 13 (citation omitted). During Balli's first and second sentencings, the superior court emphasized Balli's "extensive" criminal history contained within the presentence report. During both sentencings, the superior court appeared very concerned with Balli's prior felony and misdemeanor convictions, his earlier probation, his prior incarceration, and his earlier conviction for a violent offense. These observations were not "mere passing comments." *See id.* at 319, ¶ 20. Balli has shown prejudice because we cannot determine the sentencing judge would aggravate Balli's sentence to the same degree if the improperly considered aggravating factor were subtracted from the balance. *See State v. Pena*, 209 Ariz. 503, 509, ¶ 23 (App. 2005) ("The reversal of a single aggravating factor may mean that the sentencing calculus . . . has changed.") (citation omitted) (internal quotation marks omitted). Accordingly, we vacate Balli's sentence and remand for further proceedings.

## II. Prosecutorial Vindictiveness

**¶11** Balli next argues the prosecutor acted vindictively because, on remand, the prosecutor asked for an aggravated sentence of 9 years when originally the prosecutor asked for the presumptive of 10.5 years. The State violates a defendant's due process rights by acting vindictively after a defendant exercises a constitutional right. *Blackledge v. Perry*, 417 U.S. 21, 28–29 (1974). Here, Balli exercised his right to appeal. We need not engage in an analysis of prosecutorial vindictiveness because Balli's sentence stayed the same. *See United States v. Kinsey*, 994 F.2d 699, 701 (9th Cir. 1993) ("But the doctrine of vindictive prosecution does not apply, when, as here, there has been no increase in the severity of . . . the sentence imposed."). Because Balli received the same sentence at his resentencing, he cannot show he was punished for exercising his right to appeal. His due process rights were not violated.

## III.    Judicial Vindictiveness

**¶12**        Balli argues the superior court acted vindictively and violated his due process rights by imposing an aggravated sentence on remand. Because Balli failed to object in the superior court, this court reviews for fundamental, prejudicial error. *Henderson*, 210 Ariz. at 567, ¶ 19.

**¶13**        A superior court cannot impose a more severe sentence on resentencing if the increase is the product of actual vindictiveness. Ariz. R. Crim. P. 26.14(c); *see North Carolina v. Pearce*, 395 U.S. 711, 725 (1969). The superior court does not violate due process if the superior court can provide a non-vindictive rationale for an increased sentence. *State v. Thomas*, 142 Ariz. 201, 203 (App. 1984) (citation omitted). When the sentence is not increased, no due process violation occurs. *State v. Towns*, 136 Ariz. 541, 543 (App. 1983).

**¶14**        Here, no due process violation occurred because Balli received the same sentence. *See id. Towns* is instructive. *See id.* There, the defendants originally received 7.5 years in prison, the then-presumptive sentence for a class 3 felony dangerous offense. *Id.* at 542. On appeal, the sentence was vacated and remanded because the jury's verdict did not necessarily include a dangerous finding as required by statute. *Id.* On remand, the superior court found the aggravated sentence of 7.5 years for the same offense, now non-dangerous, to be appropriate. *Id.* This court held the sentence was not a judicial penalty because the final sentence did not increase. *Id.* at 543; *see also State v. Mincey*, 130 Ariz. 389, 413–14 (1981) (defendant did not receive a harsher sentence when superior court imposed the same sentence on remand but for a lesser offense); *State v. Robertson*, 163 Ariz. 504, 505 (App. 1990) (rejecting argument "that the proportionally greater degree of aggravation constituted an increase in [the defendant's] sentence within the meaning of either *Pearce* or Ariz. R. Crim. P. 26.14").

**¶15**        The same logic applies here because Balli received the same 9-year sentence on remand. The maximum sentence for a non-dangerous class 2 offender is 10 years. A.R.S. § 13-702.D. The new sentence is not more severe than the original because Balli will serve the same amount of time in prison. Moreover, the superior court did not make comments expressing a departure from its judicial role. *See State v. Mendoza*, 248 Ariz. 6, 20–21, ¶¶ 32–37 (App. 2019) (superior court's expression of comments deviating from its role as a neutral arbiter can raise the specter of judicial vindictiveness). Though the sentence is now aggravated instead of mitigated, Balli's due process rights are not implicated.

## CONCLUSION

**¶16** We vacate Balli's sentence for burglary in the first degree and remand to the superior court for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED: AA